**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) | Case No. 23-11469 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER:  (I) AUTHORIZING THE
DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF
SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR,
(B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST
UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS; AND
(II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**:  (i) authorizing the Debtors to (a) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (b) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing lists for each Debtor, and (c) redact certain personally identifiable information for the Debtors' individual creditors; and (ii) granting related relief.  In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*,

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners.  The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 5121 Maryland Way, Suite 300, Brentwood, TN 37027.

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-2, 2002-1, and 9013-l(m).

**General Background**

4.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

5.      Founded in 2015, the Debtors were one of the fastest growing, scaled emergency department and hospitalist management platforms in the U.S.  Headquartered in Brentwood, Tennessee, the Company had management and related contracts with more than 100 hospitals (including freestanding emergency departments) and other sites in 15 states primarily in

the southeastern, midwestern and southwestern United States, utilizing over 2,500 physicians who served over 4 million patients each year.  Prior to the Petition Date, the Debtors explored alternative strategies to address cash shortfalls, including the refinancing of existing secured indebtedness and a potential sale of substantially all the Debtors' service contracts and other assets.  Such efforts by the Debtors proved to be unsuccessful despite extensive negotiations with multiple parties.  In July 2023, the Debtors made the difficult decision to begin transitioning substantially all of their medical service contracts to alternative service providers (competitors) and its health system/hospital partners (customers) in order to avoid any interruptions their critical, life-saving services to the patients.  After successfully transitioning all their medical service contracts without interruption, the Debtors commenced these bankruptcy cases to facilitate and complete the wind-down process and liquidate their remaining assets in an orderly fashion.

6.      A detailed description of the Debtors' business and the facts precipitating the filing of the Chapter 11 Cases are set forth in the *Declaration of John C. DiDonato in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), which is incorporated herein by reference.[2]

### Relief Requested

7.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**:  (i) authorizing the Debtors to (a) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (b) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing lists for each Debtor, and (c) redact certain personally identifiable information for the Debtors' individual creditors; and (ii) granting related relief.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**Basis for Relief**

**A.**     **Cause Exists to Authorize the Debtors to File a Consolidated List**
**of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor**

8.      Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix.  Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice."  The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "Creditor Matrix"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted.  Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and would result in duplicate mailings.[3]

9.      Courts in this district have granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect.  *See, e.g.*, *In re Performance Powersports Grp. Investor, LLC*, No. 23-10047 (LSS) (Bankr. D. Del. Feb. 9, 2023) (authorizing the maintenance of a consolidated list of creditors in lieu of separate mailing matrices); *In re GigaMonster Networks, LLC*, No. 23-10051 (JKS) (Bankr. D. Del. Jan. 18, 2023) (same); *In re DCL Holdings (USA), Inc.*, No. 22-11319 (JKS) (Bankr. D. Del. Dec. 22, 2022) (same); *In re Medly Health Inc.*, No. 22-11257 (KBO) (Bankr. D. Del. Dec. 13, 2022) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Oct. 7, 2022) (same); *In re First Guar. Mortg. Corp.*, No. 22-10584 (CTG) (Bankr. D. Del. July 1, 2022) (same); *In re Enjoy Tech., Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) (same); *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. D. Del. June 30, 2022) (same); *In re Riverbed Tech. Inc.*,

---

[3]     The Debtors submit that, if any of the Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021) (same); *In re Alex & Ani, LLC*, No. 21-10918

(CTG) (Bankr. D. Del. June 11, 2021) (same).[4]

**B.      Authority to File a Consolidated Top Thirty General Unsecured Creditor List in Lieu of Submitting a Separate Top Twenty Creditor List for Each Debtor is Allowed Under the Bankruptcy Code**

10.      Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bank. P. 1007(d) (the "Top 20 List"). The Top 20 List is primarily used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

11.      The Debtors request authority to file a single list of their thirty largest general unsecured creditors on a consolidated basis (the "Top 30 List").[5] Because the top creditors of the Debtors overlap, and certain Debtors may have fewer than twenty significant unsecured creditors, the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate Top 20 Lists for each Debtor could consume an excessive amount of the company's limited time and resources. Further, the Debtors believe that a single consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

12.      Courts in this district have granted relief similar to the relief requested herein. *See, e.g.*, *In re Performance Powersports Grp. Investor, LLC*, No. 23-10047 (LSS) (Bankr.

---

[4]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

[5]     The Debtors submit that if any of the Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within ten days of any such conversion.

D. Del. Feb. 9, 2023) (authorizing a consolidated top 30 general unsecured creditors list); *In re GigaMonster Networks, LLC*, No. 23-10051 (JKS) (Bankr. D. Del. Jan. 18, 2023) (same); *In re DCL Holdings (USA), Inc.*, No. 22-11319 (JKS) (Bankr. D. Del. Dec. 22, 2022) (same); *In re Medly Health Inc.*, No. 22-11257 (KBO) (Bankr. D. Del. Dec. 13, 2022) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Oct. 7, 2022) (same); *In re First Guar. Mortg. Corp.*, No. 22-10584 (CTG) (Bankr. D. Del. July 1, 2022) (same); *In re Enjoy Tech., Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) (same); *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. D. Del. June 30, 2022) (same); *In re Riverbed Tech. Inc.*, No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021) (same); *In re Alex & Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. June 11, 2021) (same).

13.     Accordingly, the Debtors submit that filing a Top 30 List is necessary for the efficient and orderly administration of the Chapter 11 Cases, is appropriate under the facts and circumstances, and is in the best interests of the Debtors' estates.

**C.     Cause Exists to Redact Certain Personally Identifiable Information for Individual Creditors**

14.     Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

15.     The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in the Chapter 11 Cases the home addresses of individuals—including the Debtors' employees—and interest holders because such information could be used, among other things, to perpetrate identity theft or to locate

survivors of domestic violence, harassment, or stalking.  This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[6]

16.     Home addresses are precisely the sort of personally identifiable information that the Court can and should protect.  *See In re Dex Media, Inc.*, Case No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

17.     The Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings to:  (a) the Court, upon request (filed under seal); (b) the U.S. Trustee, upon request; (c) counsel to any official committee appointed in the Chapter 11 Cases (if any), upon request; and (d) any party in interest, upon request to the Debtors (email is sufficient) or to the Court that is reasonably related to the Chapter 11 Cases; *provided*, however, that the Debtors shall not be required to provide an unredacted version of the Creditor Matrix to the U.S. Trustee or counsel to any official committee appointed in the Chapter 11 Cases until such party signs a confidentiality agreement acceptable to the Debtors, unless otherwise ordered by the Court.  In addition, the Debtors will distribute to their current and former employees any notices that are received at the Debtors' corporate headquarters and that are intended for a current or former employee.

18.     The Debtors propose that any party in interest may make a request for an unredacted copy of the Creditor Matrix, and that any party in interest that is not, upon request,

---

[6]     The incident, which took place during the *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

provided with an unredacted version of the Creditor Matrix may file a motion with the Court to obtain an unredacted copy of the Creditor Matrix.

19.     Courts in this jurisdiction have granted relief similar to the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re Performance Powersports Grp. Investor, LLC*, No. 23-10047 (LSS) (Bankr. D. Del. Feb. 9, 2023) (authorizing the debtors to anonymize or redact confidential information from the creditor matrix, equity holders list, schedules and statements, and any similar document); *In re GigaMonster Networks, LLC*, No. 23-10051 (JKS) (Bankr. D. Del. Jan. 18, 2023) (same); *In re DCL Holdings (USA), Inc.*, No. 22-11319 (JKS) (Bankr. D. Del. Dec. 22, 2022) (same); *In re Medly Health Inc.*, No. 22-11257 (KBO) (Bankr. D. Del. Dec. 13, 2022) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Oct. 7, 2022) (same); *In re Stimwave Techs. Inc.*, No. 22-10541 (KBO) (Bankr. D. Del. July 13, 2022) (same); *In re First Guar. Mortg. Corp.*, No. 22-10584 (CTG) (Bankr. D. Del. July 1, 2022) (same); *In re Enjoy Tech., Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) (same); *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022) (same); *In re Armstrong Flooring, Inc.*, No 22-10426 (MFW) (Bankr. D. Del. May 11, 2022) (authorizing the debtors to file under seal those portions of future filings, including, but not limited to, schedules of assets and liabilities, statements of financial affairs, and affidavits of service, that contain the home addresses of the debtors' employees).

20.     In addition to granting relief similar to the relief requested herein, courts in this district have also discussed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular.  In *Art Van Furniture*, in overruling the U.S. Trustee's objection to the same redaction relief proposed here, Chief Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much

as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020).    Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief."    *Id*. at 25:13–16.    In *Clover*, in overruling the U.S. Trustee's objection to redaction relief, the same as that proposed herein, Judge Owens noted that "[t]o me it is common sense.    I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses.    And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses."    Hr'g Tr. at 24:21–25, 25:9–10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).    In *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."    Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).    Similarly, in *Anna Holdings*, Chief Judge Sontchi overruled the U.S. Trustee's objection, emphasizing the importance of protecting individuals from unnecessary disclosure of such information, noting that "I think it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to [prevent] scams. . . . So, you know, it's a real-life issue, and, of course, the issue of domestic violence is extremely important."    Hr'g Tr. at 48:20–25, 49:1–8, *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).

21.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information—including home addresses—in respect of the Debtors' individual creditors who are listed on the Creditor Matrix or any other document filed with the Court.  Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## **Notice**

22.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lenders under the Debtors' prepetition credit facility; and (d) any party that requests service pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).

*[Remainder of Page Intentionally Left Blank]*

**<u>No Prior Request</u>**

23.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**:  (a) granting the relief requested herein; and (b) granting such other relief as is just and proper.

Dated:  September 18, 2023                **PACHULSKI STANG ZIEHL & JONES LLP**

                                        */s/ Laura Davis Jones*
                                        Laura Davis Jones (DE Bar No. 2436)
                                        David M. Bertenthal (CA Bar No. 167624)
                                        Timothy P. Cairns (DE Bar No. 4228)
                                        919 North Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, Delaware 19899-8705 (Courier 19801)
                                        Telephone:   302-652-4100
                                        Facsimile:    302-652-4400
                                        Email:  ljones@pszjlaw.com
                                                dbertenthal@pszjlaw.com
                                                tcairns@pszjlaw.com

                                        *Proposed Counsel for Debtors and*
                                        *Debtors in Possession*