**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) | Case No. 23-11469 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO
FILE UNDER SEAL CERTAIN INFORMATION RELATED TO MOTION OF
DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTORS TO (I) CONTINUE TO PERFORM UNDER
SERVICES AGREEMENT WITH MEDICAL CONSULTANTS, INC. FOR CERTAIN
TRANSITION SERVICES, (II) PAY AND REIMBURSE RELATED FEES AND
EXPENSES, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") in the

above-captioned chapter 11 cases (the "Chapter 11 Cases") file this motion (the "Motion to Seal")

for the entry of an order (the "Proposed Order"), substantially in the form attached hereto as

**Exhibit A**, authorizing the Debtors to file under seal certain confidential information in the New

MCI Agreement (defined below), which the Debtors are seeking authority to continue performing

under pursuant to the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the*

*Debtors to (I) Continue to Perform Under Services Agreement With Medical Consultants, Inc. for*

*Certain Transition Services, (II) Pay and Reimburse Related Fees and Expenses, and (III)*

*Granting Related Relief* (the "Motion"),[2] filed concurrently herewith.  In support of the Motion to

Seal, the Debtors respectfully represent as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners.  The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Jurisdiction and Venue**

1.       The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

**Background**

4.       On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

2

5.      Founded in 2015, the Debtors were one of the fastest growing, scaled emergency department and hospitalist management platforms in the U.S.  Headquartered in Brentwood, the Debtors had management and related contracts with more than 100 hospitals (including freestanding emergency departments) and other sites in fifteen states primarily in the southeastern, midwestern and southwestern United States, utilizing over 2,500 physicians who served over 4 million patients each year.  Prior to the Petition Date, the Debtors explored alternative strategies to address cash shortfalls, including the refinancing of existing secured indebtedness and potential sale of substantially all the Debtors' service contracts and other assets.  Such efforts by the Debtors proved to be unsuccessful despite extensive negotiations with multiple parties.  In July 2023, the Debtors made the difficult decision to begin transitioning substantially all of their medical service contracts to alternative service providers (competitors) and their health system/hospital partners (customers), in order to avoid any interruptions in its critical life-saving service to the patients.  After successfully transitioning all its medical service contracts without interruption, the Debtors have commenced these bankruptcy cases to facilitate and complete the wind-down process and liquidate their remaining assets in an orderly fashion.

6.      The factual background regarding the Debtors, including their historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of John C. DiDonato in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference.[3]

## **Relief Requested**

7.      By this Motion to Seal, the Debtors seek entry of the Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

1:  (i) authorizing the Debtors to file under seal certain confidential information contained in a schedule to the New MCI Agreement, which is attached as <u>Exhibit C</u> to the Motion; and (ii) granting related relief.

## **<u>Basis for Relief</u>**

8.      The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

9.      Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

10.     Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

11.     Further, Local Rule 9018-1(d) provides, in relevant part, that "any entity seeking to file a document . . . under seal must file a motion requesting such relief."  Del. Bankr. L.R. 9018-1(d)(i).

12.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate

"good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, *i.e.*, "any order which justice requires." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Glob. Crossing*, 295 B.R. at 724.

13.     Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006). However, commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28 (finding that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

14.     As explained in the Motion, the Debtors are seeking an order authorizing, but not directing, the Debtors to continue to perform under that certain Services Agreement dated

September 1, 2023 and executed on September 15, 2023, by and between Debtor American Physician Holdings, LLC and Medical Consultants, Inc. ("MCI"), a subsidiary of RI RCM Holdco, Inc. ("R1") providing for certain healthcare revenue cycle management services (the "New MCI Agreement") (including, without limitation, the remittance by MCI of prepetition patient refunds). The New MCI Agreement is attached as Exhibit C to the Motion. The New MCI Agreement includes as Exhibit B thereto a fee schedule that lists various fees that MCI charges under the New MCI Agreement. MCI considers this fee information to be commercial information that is confidential and should be kept from disclosure. MCI could be economically harmed if this information was disclosed on the Court's public docket to competitors.

15.     Accordingly, the Debtors have filed this Motion to Seal to seek the redaction of Exhibit B to the New MCI Agreement as that information is confidential commercial information and should be subject to the protections of section 107(b) of the Bankruptcy Code.

16.     The Debtors have or will share unredacted versions of the Motion with the Court, the U.S. Trustee, counsel to the lenders under the Debtors' prepetition credit facility, and counsel to any official committee appointed in these Chapter 11 Cases.

### Notice

17.     The Debtors will provide notice of this Motion to Seal to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the lenders under the Debtors' prepetition credit facility; (d) MCI; and (e) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

DOCS_DE:244890.1 03370/001

**No Prior Request**

18.     No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

**Compliance with Local Rule 9018-1(d)**

19.     The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(iv)(d), that the Debtors conferred with MCI before filing the Motion and Motion to Seal and have agreed to redact only those portions of the New MCI Agreement – Exhibit B thereto – as are necessary for the protection of the confidential information.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order: (i) granting the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated:  September 18, 2023            PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  ljones@pszjlaw.com
          dbertenthal@pszjlaw.com
          tcairns@pszjlaw.com

*Proposed Counsel for Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) | Case No. 23-11469 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN**
**INFORMATION RELATED TO MOTION OF DEBTORS FOR ENTRY OF INTERIM**
**AND FINAL ORDERS AUTHORIZING THE DEBTORS TO (I) CONTINUE TO**
**PERFORM UNDER SERVICES AGREEMENT WITH MEDICAL CONSULTANTS,**
**INC. FOR CERTAIN TRANSITION SERVICES, (II) PAY AND REIMBURSE**
**RELATED FEES AND EXPENSES, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion to Seal")[2] of the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors") for the entry of an order (this

"Order"):  (a) authorizing the Debtors to file under seal certain confidential information in the New

MCI Agreement, which the Debtors are seeking authority to continue performing under pursuant

to the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to (I)*

*Continue to Perform Under Services Agreement With Medical Consultants, Inc. for Certain*

*Transition Services, (II) Pay and Reimburse Related Fees and Expenses, and (III) Granting*

*Related Relief* (the "Motion"); and (b) granting related relief, all as more fully set forth in the

Motion to Seal; and upon consideration of the First Day Declaration; and the United States District

Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C.

§ 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners.  The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Seal.

*Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion to Seal is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion to Seal and opportunity for a hearing on the Motion to Seal were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed and considered the Motion to Seal; and the Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion to Seal is GRANTED as set forth herein.

2.      The Debtors are authorized to file the confidential portions of Exhibit B to the New MCI Agreement attached to the Motion under seal, and such seal shall be maintained pursuant to Local Rule 9018-1.  The sealed portions shall remain strictly confidential, and the use of such information shall be subject to Local Rule 9018-1.

3.      Unredacted versions of Exhibit B to the New MCI Agreement shall not be disseminated to anyone other than:  (a) the Court; (b) the U.S. Trustee; (c) counsel to the lenders under the Debtors' prepetition credit facility; and (d) counsel to any official committee appointed in these Chapter 11 Cases, without either:  (i) the express consent of the Debtors; or (ii) further order of the Court, which order shall not be granted without notice and an opportunity to object

2

being provided to the Debtors.  Such parties shall be bound by this Order and shall keep all confidential information in the sealed portions of the Motion.  Such parties shall not disclose the contents thereof to any party whatsoever.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Seal.

6.      The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

DOCS_DE:244890.1 03370/001