**<u>Exhibit B</u>**

**Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) Case No. 23-11469 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE OPERATING CASH MANAGEMENT SYSTEM, (B) HONOR AND PAY BANK FEES, (C) MAINTAIN EXISTING BUSINESS FORMS, (II) SCHEDULING A FINAL HEARING, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of a final order (this "Final Order"), pursuant to sections 105, 345, and 363 of the Bankruptcy Code, Rules 6003 and 6004 of the Bankruptcy Rules, and Rule 2015-2 of the Local Rules, (i) authorizing the Debtors to (a) continue operating the Cash Management System and perform intercompany transactions and honor intercompany claims, (b) honor and pay the Bank Fees in the normal course, including any prepetition Bank Fees, and (c) maintain existing business forms, and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 5121 Maryland Way, Suite 300, Brentwood, TN 37027.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"), and the Court having entered an interim order on the Motion [Docket No. ___] (the "Interim Order") and notice of a final hearing having been provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis, as set forth in this Final Order.

2. The Debtors are authorized, but not directed, to: (a) continue operating the Cash Management System, substantially as identified on Exhibit C to the Motion and as described in the Motion; (b) honor their prepetition obligations related thereto; (c) use, in their present form, all intercompany checks and without reference to the Debtors' status as debtors in possession; (d) continue to perform Intercompany Transactions and honor intercompany claims arising therefrom; (e) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on Exhibit D to the Motion, and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines (to the extent applicable); (f) treat the Debtor Bank Accounts for all purposes as accounts of the

Debtors as debtors in possession; (g) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (h) pay the Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts and to otherwise perform their obligations under the documents governing the Bank Accounts; *provided* that in the case of each of (a) through (h), such action is taken in the ordinary course of business and consistent with historical practices.

3. The Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with historical practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such Banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order. The Banks shall not honor any check, draft, or other payment item issued prepetition by the Debtors unless instructed or requested by the Debtors, *provided* that the Debtors shall only instruct or request any Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date as authorized by an order of the Court.

4. The Banks are authorized to debit the Debtors' accounts in the ordinary course of business, consistent with historical practices, without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts which are cashed at the Banks' counters

or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

        5.        Any existing agreements between or among the Debtors, the Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and cash management procedures in the ordinary course of business, consistent with historical practices and the Debtors' prepetition secured debt agreements, including, without limitation, the opening and closing of bank accounts, subject to the terms and conditions of this Final Order.

        6.        To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until a date that is thirty (30) days from the Petition Date, without prejudice to seeking an additional extension, to either come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other

arrangements as are agreed to by the U.S. Trustee or approved by the Court; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The U.S. Trustee's and the Debtors' rights to seek further relief from this Court on notice in the event that the aforementioned Bank is unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

7. For any Bank at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Final Order, the Debtors shall (a) contact such Bank, (b) provide such Bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such Bank as being held by a debtor in possession in the Debtors' bankruptcy cases. For any Bank at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Bank to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Final Order.

8. Subject to the terms hereof, the Debtors are authorized, but not directed, in the ordinary course of business consistent with historical practices and the Debtors' prepetition secured debt agreements, to open any new bank accounts or close any existing Bank Accounts and enter into any ancillary agreements, including deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate, provided that the Debtors give notice to the U.S. Trustee and any official committees appointed in these chapter 11 cases within 15 days

of opening or closing a bank account. The relief granted in this Final Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a "Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Bank," provided that any new domestic bank account opened by the Debtors shall be established at an institution that is a party to a Uniform Depository Agreement with the U.S. Trustee or is willing to immediately execute such a Uniform Depository Agreement.

9. All Banks maintaining any of the Bank Accounts that are provided with notice of this Final Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date; *provided*, *however*, that any such Bank shall not be found to be in violation of this Final Order nor liable to the Debtors or their estates should any such Bank honor or pay any bank payment (a) in a good faith belief that the Court has authorized such payment to be honored, or (b) as the result of a mistake made despite implementation of customary item handling procedures.

10. The Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Bank Accounts in the ordinary course of business consistent with historical practices and pursuant to the applicable agreements governing each Bank Account.

11. The Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited

or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers, including, without limitation, on account of checks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts, in each case to the same extent the Debtors were responsible for such items prior to the Petition Date.

13. Subject to the terms set forth herein, any Bank may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

13. Any Bank is further authorized to honor the Debtors' direction with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

14. The Debtors are authorized, but not directed, to continue engaging in Intercompany Transactions in connection with the Cash Management System in the ordinary

course of business, consistent with prepetition practice. The Debtors shall maintain records of all Intercompany Transactions in accordance with prepetition practice.

15. All postpetition payments from a Debtor to another Debtor under any postpetition Intercompany Transactions authorized hereunder that result in an intercompany claim are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

16. Nothing contained in the Motion or this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

17. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors'

estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

18. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Exhibit C**

**Cash Management Schematic**



**Exhibit D**

**List of Bank Accounts**

| Debtor Entity | Bank Name | Account # | Type |
|---|---|---|---|
| ACUTE CARE SPECIALIST LLC | TX Bank & Trust | XXXXXX0655 | Non-Cadence Collection Account |
| ALIGNMD EMERGENCY OF ILLINOIS PLLC | Cadence Bank | XXXXXX1417 | Cadence Collections Account |
| ALIGNMD HOSPITALIST OF ILLINOIS, PLLC | Cadence Bank | XXXXXX1425 | Cadence Collections Account |
| AMERICAN PHYSICIAN HOLDINGS LLC | Cadence Bank | XXXXXX5608 | Cadence Collections Account (*dormant*) |
| AMERICAN PHYSICIAN PARTNERS, LLC | Cadence Bank | XXXXXX1557 | Concentration Account |
| AMERICAN PHYSICIAN PARTNERS, LLC | Cadence Bank | XXXXXX1565 | Disbursement Account |
| AMERICAN PHYSICIAN PARTNERS, LLC | Cadence Bank | XXXXXX1714 | Stipend Deposit Account |
| AMERICAN PHYSICIAN PARTNERS, LLC | Cadence Bank | XXXXXX1722 | Stipend Deposit Account |
| AMERICAN PHYSICIAN PARTNERS, LLC | Cadence Bank | XXXXXX3896 | Patient Refunds Account (*dormant*) |
| AMERICAN PHYSICIAN PARTNERS, LLC | Cadence Bank | XXXXXX1573 | Payroll Account (Checks Only) |
| AMERICAN PHYSICIAN PARTNERS, LLC | Flagstar Bank | XXXXXX5197 | Utility Deposit Account |
| APP ICU PLLC | Cadence Bank | XXXXXX1001 | Cadence Collections Account |
| APP OF ALABAMA ED LLC | Cadence Bank | XXXXXX6560 | Cadence Collections Account |
| APP OF ALABAMA HM LLC | Cadence Bank | XXXXXX1696 | Cadence Collections Account |
| APP OF ARKANSAS ED PLLC | Cadence Bank | XXXXXX1433 | Cadence Collections Account |
| APP OF ARKANSAS HM PLLC | Cadence Bank | XXXXXX7169 | Cadence Collections Account |
| APP OF EAST TENNESSEE ED PLLC | Cadence Bank | XXXXXX7952 | Cadence Collections Account |
| APP OF EAST TENNESSEE HM PLLC | Cadence Bank | XXXXXX2169 | Cadence Collections Account |
| APP OF FLORIDA ED LLC | Cadence Bank | XXXXXX1688 | Cadence Collections Account |
| APP OF FLORIDA HM LLC | Cadence Bank | XXXXXX0797 | Cadence Collections Account |
| APP OF INDIANA ED PLLC | Cadence Bank | XXXXXX7986 | Cadence Collections Account |
| APP OF INDIANA HM PLLC | Cadence Bank | XXXXXX7978 | Cadence Collections Account |
| APP OF KANSAS ED PLLC | Cadence Bank | XXXXXX9601 | Cadence Collections Account |
| APP OF KENTUCKY ED PLLC | Legends Bank | XXXXXX4155 | Non-Cadence Collection Account |
| APP OF MISSISSIPPI ED LLC | Cadence Bank | XXXXXX0245 | Cadence Collections Account |
| APP OF NEVADA ED PLLC | Cadence Bank | XXXXXX7960 | Cadence Collections Account |
| APP OF NEW MEXICO ED PLLC | Cadence Bank | XXXXXX5794 | Cadence Collections Account |
| APP OF NEW MEXICO HM PLLC | Cadence Bank | XXXXXX1505 | Cadence Collections Account |
| APP OF OHIO ED PLLC | Cadence Bank | XXXXXX7151 | Cadence Collections Account |
| APP OF OHIO HM PLLC | Cadence Bank | XXXXXX6822 | Cadence Collections Account |
| APP OF SOUTH CAROLINA ED PLLC | Cadence Bank | XXXXXX5683 | Cadence Collections Account |
| APP OF SOUTH CAROLINA HM PLLC | Cadence Bank | XXXXXX5691 | Cadence Collections Account |

| Debtor Entity | Bank Name | Account # | Type |
|---|---|---|---|
| APP OF SOUTHERN ARIZONA ED LLC | Cadence Bank | XXXXXX7599 | Cadence Collections Account |
| APP OF SOUTHERN ARIZONA HM LLC | Cadence Bank | XXXXXX7581 | Cadence Collections Account |
| APP OF SOUTHERN NEW MEXICO ED PLLC | Cadence Bank | XXXXXX0862 | Cadence Collections Account |
| APP OF TENNESSEE ED PLLC | Legends Bank | XXXXXX1854 | Non-Cadence Collection Account |
| APP OF TENNESSEE HM PLLC | Cadence Bank | XXXXXX6578 | Cadence Collections Account |
| APP OF WEST VIRGINIA HM PLLC | Cadence Bank | XXXXXX0252 | Cadence Collections Account (*dormant*) |
| APPTEXASED PLLC | Cadence Bank | XXXXXX6830 | Cadence Collections Account |
| APPTEXASHM PLLC | Cadence Bank | XXXXXX6848 | Cadence Collections Account |
| CAPITAL EMERGENCY PHYSICIANS MADISON, LLC | Cadence Bank | XXXXXX2029 | Cadence Collections Account |
| CAPITAL EMERGENCY PHYSICIANS PLLC | Cadence Bank | XXXXXX2037 | Cadence Collections Account |
| DEGARA APP HM PLLC | Cadence Bank | XXXXXX0212 | Cadence Collections Account |
| DEGARA APP PLLC | Cadence Bank | XXXXXX3956 | Cadence Collections Account |
| ELITE EMERGENCY PHYSICIAN SERVICES PLLC | US BANK | XXXXXX0795 | Non-Cadence Collection Account |
| ELITE EMERGENCY SERVICES OF ALABAMA LLC | US BANK | XXXXXX0712 | Non-Cadence Collection Account |
| ELITE EMERGENCY SERVICES, PLLC | US BANK | XXXXXX0720 | Non-Cadence Collection Account |
| EMERGENCY SPECIALISTS OF WELLINGTON, DEPOSITORY ACCOUNT | Wells Fargo | XXXXXX4581 | Non-Cadence Collection Account |
| EMERGIGROUP PHYSICIAN ASSOCIATES PLLC C/O AMERICAN PHYSICIAN PARTNERS | Frost Bank | XXXXXX1630 | Non-Cadence Collection Account |
| KALAMAZOO EMERGENCY ASSOCIATES PLC | 5th 3rd | XXXXXX7900 | Non-Cadence Collection Account |
| KIRBY EMERGENCY PHYSICIANS PLLC C/O AMERICAN PHYSICIAN PARTNERS | Frost Bank | XXXXXX5040 | Non-Cadence Collection Account |
| LONGVIEW EMERGENCY MEDICINE ASSOC PLLC LEADING EDGE MEDICAL ASSOC PLLC | TX Bank & Trust | XXXXXX4293 | Non-Cadence Collection Account |
| PROGRESSIVE MEDICAL ASSOCIATES PLLC | Bank of America | XXXXXX5875 | Non-Cadence Collection Account |
| SAN JACINTO EMERGENCY PHYSICIANS PLLC C/O AMERICAN PHYSICIAN PARTNERS | Frost Bank | XXXXXX5238 | Non-Cadence Collection Account |
| TEP SELECT EMERGENCY SPECIALISTS LLC | Wells Fargo | XXXXXX4510 | Non-Cadence Collection Account |
| TEXOMA EMERGENCY PHYSICIANS, PLLC | Wells Fargo | XXXXXX8280 | Non-Cadence Collection Account |
| TOWN SQUARE EMERGENCY ASSOCIATES, PLLC | Wells Fargo | XXXXXX3530 | Non-Cadence Collection Account |
| TRUEPARTNERS COMANCHE EMERGENCY SPECIALISTS, PLLC | Wells Fargo | XXXXXX2077 | Non-Cadence Collection Account |

| Debtor Entity | Bank Name | Account # | Type |
|---|---|---|---|
| TRUEPARTNERS LAKEWOOD INPATIENT SPECIALISTS PLLC | Wells Fargo | XXXXXX418 | Non-Cadence Collection Account |
| TRUEPARTNERS MANATEE EMERGENCY SPECIALISTS PLLC | Wells Fargo | XXXXXX6491 | Non-Cadence Collection Account |
| TRUEPARTNERS NORTHWEST EMERGENCY ASSOCIATES, PLLC | Wells Fargo | XXXXXX2300 | Non-Cadence Collection Account |
| TRUEPARTNERS RANCH EMERGENCY SPECIALISTS PLLC | Wells Fargo | XXXXXX4528 | Non-Cadence Collection Account |
| TRUEPARTNERS WESTLAKE EMERGENCY SPECIALISTS PLLC | Wells Fargo | XXXXXX6762 | Non-Cadence Collection Account |
| WEST HOUSTON EMERGENCY PHYSICIANS PLLC C/O AMERICAN PHYSICIAN PARTNERS | Frost Bank | XXXXXX6373 | Non-Cadence Collection Account |
| WOODLANDS EMERGENCY PHYSICIANS PLLC | Frost Bank | XXXXXX8954 | Non-Cadence Collection Account |