## <u>EXHIBIT E</u>

**Form of Non-Voting Parties Notice (Presumed to Reject)**

DOCS_LA:350275.8

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) Case No. 23-11469 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF (I) NON-VOTING STATUS DUE TO NO RECOVERY,
(II) CONDITIONAL APPROVAL OF DISCLOSURES, (III) HEARING
TO CONSIDER CONFIRMATION OF THE COMBINED PLAN, AND (IV) DEADLINE
FOR FILING OBJECTIONS TO CONFIRMATION OF THE COMBINED PLAN**

To: Holders of Class 5 Intercompany Claims, Class 6 Intercompany Interests, and Class 7 Interests (Non-Voting – Presumed to Reject)

**PLEASE TAKE NOTICE THAT:**

1. On September 18, 2023 (the "Petition Date"), American Physician Partners, LLC and certain affiliates, the above-captioned debtors and debtors in possession (the "Debtors"), commenced their cases by filing their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtors and the cases, including the Debtors' business, corporate structure, financial condition, and the reasons for and objectives of the cases, are set forth in the *Declaration of John DiDonato in Support of Chapter 11 Petitions and First Day Relief* [D.I. 18].

## THE COMBINED PLAN

2. On September 19, 2023, the Debtors filed the *Combined Disclosure Statement and Liquidating Plan of American Physician Partners, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 17] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan").

## INTERIM CONDITIONAL APPROVAL OF DISCLOSURES

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300, Brentwood, TN 37027.

3.      By an Order dated [●], 2023 (the "<u>Solicitation Procedures Order</u>"), the Bankruptcy Court conditionally approved, on an interim basis, the disclosures (the "<u>Disclosures</u>") in the Combined Plan as containing adequate information within the meaning of section 1125 of Bankruptcy Code.  The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Combined Plan.

## THE COMBINED HEARING

4.      On **November 29, 2023 at** [●] **(Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Judge Brendan L. Shannon in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 1, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Combined Plan, as the same may be amended or modified (the "<u>Combined Hearing</u>").

5.      The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Combined Plan. The Combined Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Combined Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

## NON-VOTING STATUS

6.      You are receiving this Notice because under the terms of the Combined Plan you are not entitled to receive or retain property on account of your Claim(s) against, or Interest(s) in, the Debtors and, therefore, in accordance with section 1126(g) of the Bankruptcy Code, you are (a) deemed to have rejected the Combined Plan and (b) **not** entitled to vote on the Combined Plan. Accordingly, the Notice is being mailed to you for your information only.

7.      If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Combined Plan, you should immediately request the appropriate Ballot by contacting the Voting Agent.

## COPIES OF THE COMBINED PLAN

8.      If you wish to receive copies of the Combined Plan, they will be provided, as quickly as practicable, upon request to the Voting Agent, Epiq Corporate Restructuring, LLC. ("<u>Epiq</u>" or the "<u>Voting Agent</u>") by writing to APP Ballot Processing Center, c/o Epiq, 10300 SW Allen Boulevard, OR 97005.  Copies of the Combined Plan are also available for free on the Voting Agent's website at <u>https://dm.epiq11.com/AmericanPhysicianPartners</u> and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at <u>http://www.deb.uscourts.gov</u>.

### INJUNCTIONS, RELEASES, AND DISCHARGE

9.      Section 16 of the Combined Plan contains the exculpation, release, and injunction provisions set forth below:

**Exculpation:**  **The Debtors, the Debtors' Related Persons that served during the Chapter 11 Cases (including, without limitation, Huron), the Committee and its attorneys, advisors and other professionals and the members of the Committee, each solely in their capacities as such (collectively, the "Exculpated Parties"), will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan;** *provided however***, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not exculpate any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction);** *provided however,* **that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability.  Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.**

**Releases:**

**(a)      Debtor/Estate Release of Released Parties.**

**Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "Debtor/Estate Releasors") shall release (the "Debtor/Estate Release") each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' business(es) or assets, the Debtors' pre and postpetition liquidation, sale, alternative transaction, transition, and operational efforts, the transition or termination of any prepetition contracts and related matters, the Transition Related**

3

DOCS_LA:350275.8

**Activities, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct, or gross negligence;** *provided however***, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtors.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.**

**(b)      Third Party Release.**

**On and after and subject to the occurrence of the Effective Date, except as otherwise provided in the Plan, each Claimant (collectively, the "Releasing Parties") who (i) is not Impaired under the Plan or (ii) affirmatively votes to accept the Plan and who does not elect to "opt-out" by marking the appropriate box on such Releasing Party's respective Ballot or opt-out form, for themselves and their respective successors, assigns, transferees, and such Claimants' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), shall release (the "Third Party Release") each Released Party, and each of the Debtors, the Estates, and the Released Parties shall be deemed released from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtors or the Estates, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' liquidation, the Transition Related Activities, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or**

4

contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; *provided however*, the foregoing Third Party Release shall not release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.

"Released Parties" means, collectively, (a) the Debtors; (b) the Committee and the individual members thereof in their capacity as such; (c) the Prepetition Agent in its capacity as such; (d) the Prepetition Lenders in their respective capacity as such; and (e) each of such Entities' Related Persons; *provided however*, that all rights of the Debtors and/or Liquidating Trust to prosecute any Causes of Action against Persons who served prior to the Petition Date but not after the Petition Date as directors or officers of the Debtors shall be fully preserved; provided further that James Frary and Lawrence Hirsh, former members of the Board of APP, are, in their capacities as such, "Released Parties" in all events.

**Injunction:**  In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, or the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest.  Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors or the Liquidating Trust under the Plan.

**DEADLINE FOR OBJECTIONS TO APPROVAL OF THE
DISCLOSURES OR CONFIRMATION OF THE COMBINED PLAN**

10.     Objections, if any, to final approval of the Disclosures or confirmation of the Combined Plan, including any supporting memoranda, must be in writing, be filed with the Clerk

5

of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before [●], 2023 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com) and Timothy P. Cairns, Esq. (tcairns@pszjlaw.com); (ii) counsel to the Committee; (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: _____; and (iv) the Prepetition Agent, Austin Jowers, King & Spalding, 1180 Peachtree St., NE, Suite 1600, Atlanta, Georgia, ajowers@kslaw.com, and John H. Knight, Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King St., Wilmington, Delaware 19801, knight@rlf.com.

Dated: _____, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ _____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (*pro hac vice*)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
         dbertenthal@pszjlaw.com
         tcairns@pszjlaw.com

*Counsel for Debtors and Debtors in Possession*

6