# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) ) | Case No. 23-11469 (BLS) |
| Debtors | ) ) | (Jointly Administered) |

Hearing Date: October 18, 2023 at 11:00 a.m.

Related Docket No. 10

## LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR FINAL ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL AND (II) GRANTING ADEQUATE PROTECTON TO PREPETITION SECURED PARTIES

AND NOW come, Penn Krause, Mary Ann Smokler, Ben Youree, Daniel Crane, Aaron Kidd, Isaac Palmer, Jr., Tressa Gardner, Benjamin Ross, Tracy Young, Joe White, Wendi Keeton and Liz Harris (collectively referred herein to as the "Employee Objectors"), by and through their undersigned counsel, and file the following limited objection and reservation of rights regarding **DEBTOR'S MOTION FOR FINAL ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL AND (II) GRANTING ADEQUATE PROTECTON TO PREPETITION SECURED PARTIES [D.I. 10]**, and in support thereof, states as follows:

### Background

1. American Physician Partners, LLC, et al. (hereinafter "Debtor" or "APP") commenced this Bankruptcy Case on September 18, 2023.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

2. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of Bankruptcy Code.

## Facts

3. In 2022, APP experienced an external change in its business model and it faced a possible exodus of key employees. To implement its plan of survival, APP entered severance agreements with executive level employees, including the Employee Objectors. A true and correct copy of one such severance agreement is attached as **Exhibit A**. Each of the Employee Objectors entered severance agreements substantively identical to the one that is attached, except for the amount of severance provided under the agreement. All severance agreements were for an amount equal to each Objector Employee's yearly salary.

4. In 2023, APP's business difficulties became more acute, and APP decided to provide an additional incentive to induce the Employee Objectors to continue working for the Debtor despite its ongoing issues. Many key employees were promised retention bonuses to continue working. A true and correct copy of one such retention bonus is attached as **Exhibit B**.

5. Awhile each of the Employee Objectors signed a severance agreement, the following Employee Objectors also signed a retention bonus agreement: Aaron Kidd, Elizabeth Harris, Tracy Young, Wendi Keeton, Mary Ann Smokler, Benjamin Ross, Benjamin Youree, John Krause, Isaac Palmer, and Joseph White. The retention bonus agreements are substantively the same as the exemplar that is attached as Exhibit B, except the amount of retention bonus was different for each employee.

6. The total amount owed to Employee Objectors under the severance agreements and retention bonus agreements has been calculated to be $4,268,201.00. The Employee Objectors became entitled to payment of their respective shares of this amount prepetition.

7. APP has paid retention bonuses and severance to some employees not represented in this objection. In each instance, the money was counted as wages in APP's bookkeeping. It will also be reported to the federal government as employee income.

8. APP has not provided a reason that it did not pay promised retention bonuses or severance to the Employee Objectors. However, the Debtor has never alleged that the Employee Objectors failed to fulfil their obligations to APP or are otherwise not entitled to the payments.

9. Upon information and belief, APP's secured lenders were apprised of and endorsed the decision to retain key employees by promising severance benefits and retention bonuses.

10. In fact, it appears that the secured lenders of the Debtor may have exercised positions of control over the Debtor at the time the promises were made to the Employee Objectors and/or the time that the Debtor chose not to pay the Employee Objectors.

## Argument

11. On September 21, 2023, the Court entered the *Interim Order (A) Authorizing Debtors to Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* (D.I. 50)(the "Interim Cash Collateral Order").

12. The Employee Objectors object to the entry of a final cash collateral motion on the terms set forth in the Interim Cash Collateral Order.

13. While appearing to recognize the priority of Permitted Prior Liens in paragraphs F(iv) and 4(i), the Interim Cash Collateral Order does not provide adequate protection for the secured claims of the Employee Objectors, which constitute Permitted Prior Liens under the Interim Order.

14. As set forth above, the Employee Objectors were former employees of the Debtor who, prepetition, entered into agreements with the Debtor for the payment of retention bonuses and severance payments.

15. The severance agreements and retention bonuses were entered in Tennessee for a company conducting business in Tennessee. As such, Tennessee law applies to the treatment of their claims.

16. The Employee Objectors' claims against the Debtor are approximately $4,268,201.00.

17. The amounts claimed by Employee Objectors were due and owing to each of them before the filing of this bankruptcy.

18. Pursuant to Tennessee Law, the amounts owed to the Employee Objectors were secured by a statutory lien on all the Property of the Debtor.

19. Tenn. Code Ann. §66-13-101 states:

> All employees and laborers of any corporation, or firm, carrying on any corporate or partnership business **shall have a lien upon the corporate or firm property of every character and description, for any sums due them for labor and service performed for the corporation or firm, and such lien shall prevail over all other liens**, except the vendor's lien or the lien of a mortgage, or deed of trust to secure purchase money.

(Emphasis Added).

20. Additionally, the Employee Objectors Lien is superior to that of other claimants. Tenn. Code Ann. §66-13-103 states:

> No corporation or partnership doing business in this state shall have the power to execute a mortgage or deed of trust or other instrument creating a lien upon the property of the corporation prior to that in favor of the employees and laborers, except to secure purchase money.

21. Therefore, at the time of the filing of the case, the Employee Objectors had a first position lien in all of the assets of the Debtor in the amount of their claim. This lien would include liens on the Debtor's accounts receivable deposit accounts, cash and cash equivalents, and all other such property that constitutes cash collateral pursuant to 11 U.S.C. §363(a). As such, any proceeds received by Debtor from the sale or use of the Prepetition Collateral constitutes the Employee Objector's cash collateral within the meaning of 11 U.S.C. § 363(a).

22. However, this security interest has not been adequately protected in the Interim Cash Collateral Order, and presumably not in the proposed final cash collateral order either.

23. Furthermore, given that the Debtor appears to be proposing a liquidation of the assets of the Debtor, any use of cash collateral subjects the Employee Objectors to the risk that the assets of the Debtor will be utilized to pay claims of lesser priority.

24. Through the Motion, Debtors seek to grant the Prepetition Secured Parties[2] as adequate protection for their liens, and to prevent any diminution in value of such liens: (i) a security interest in all Prepetition Collateral and on the Adequate Protection Collateral, and (ii) an allowed administrative expense claim superior to all other administrative expense claims (subject to the carve out).

25. The Employee Objectors object to the Motion to the extent it grants rights to the Prepetition Secured Parties which have the effect of subordinating the Employee Objectors' security interests (including without limitation, rights in proceeds and cash collateral).

26. While Debtors correctly recognize that the provision for adequate protection can be required under 11 U.S.C. §§ 361 and 363, Debtors cannot do so for one creditor at the

---

[2] The Interim Cash Collateral Order defines the Prepetition Secured Parties as the Prepetition Lenders and the Prepetition Agent. Interim Order, ¶ F(i). It does not include parties holding Permitted Prior Liens.

5

expense of other creditors.  *See* 11 U.S.C. § 361.  The Motion fails because it disregards the Employee Objectors' rights and fails to provide adequate protection for their rights and interests.

27. The Employee Objectors hereby assert their rights under Bankruptcy Code §§ 363(c) and (e) and demand adequate protection. Because the Employee Objectors have a lien position superior to that of other creditors, said interest should be preserved under the proposed cash collateral order to the same extent it existed prepetition. As such, Employee Objectors do not object to entry of an Order so long as sufficient funds remain to pay the severance agreements and retention bonuses and there is no potential diminution in value of the Employee Objectors' secured claims.

28. The Employee Objectors understand that in obtaining adequate protection and other relief under a proposed final cash collateral order, the rights to challenge the priority of their lien vis-à-vis other creditors, as well as their treatment as creditors under the Plan, are preserved. The Employee Objectors, however, would object to any Order being entered which would preclude their right to establish their lien priority or which permits reorganization and/or liquidation that does not give priority to their claims and maintain funds to pay them.

WHEREFORE, the Employee Objections request that the Court deny the Motion except to the extent that any order approving it is revised consistent with this objection, and for such other and further relief as the Court deems proper.

Date: October 11, 2023
Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON** LLC

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com

and

*/s/ David L. Fuchs*
David L. Fuchs, Esq. (Pa. I.D. No.: 205694)
Fuchs Law Office, LLC
554 Washington Ave., First Floor
Carnegie, PA 15106
Tel: (412) 223-5404
dfuchs@fuchslawoffice.com

and

Thomas J. Farnan, Esq.
Farnan Law
700 River Avenue, Suite 312
Pittsburgh, PA 15212
Tel: 412-638-3600
tfarnanlaw@gmail.com

*Attorneys for Certain Former Employees*