IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

AMERICAN PHYSICIAN
PARTNERS, LLC.,
    Debtor.

CASE NO. 23-11469
CHAPTER 11

JUDGE:
Brendan Linehan Shannon

Hearing Date: October 31, 2023 at 11 a.m.
Objection Date: October 24, 2023

## MOTION FOR RELIEF FROM STAY

Now comes the Petitioner, Chaya Hendrie, by and through counsel, and hereby respectfully moves this Court, pursuant to Rules 4001(a)(1) and 9013 Federal Rules of Bankruptcy Procedure (FRBP) for an Order for Relief from Automatic Stay granted to the Debtors pursuant to 11 U.S.C. § 362.  The reasons for granting relief from stay are more fully set forth in the accompanying memorandum attached hereto.

Respectfully submitted:

**JACOBS & CRUMPLAR, P.A.**

 /s/ Raeann Warner
Raeann Warner, Esq. (DE 4931)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
(t) (302) 656-5445

*Attorney for Plaintiff/Petitioner*

## MEMORANDUM

**FACTS RELEVANT TO THE WITHIN MOTION.**

On or about July 9-10, 2020, Petitioner Chaya Hendrie, received negligent medical care from agents of American Physician Partners, LLC and/or their subsidiaries (hereinafter collectively referred to as "Debtors" or "APP") in the emergency department of Jennie Stuart Medical Center in Hopkinsville, Kentucky.

On or about July 2, 2021, Petitioner commenced an action in the Circuit Court of Christian County, Kentucky, captioned *Chaya Hendrie v. Jennie Stuart Medical Center, Inc., et al*, Case No. 21-CI-00542. (See Complaint attached as Exhibit "A" and Second Amended Complaint, attached as Exhibit "B").

On or around September 22, 2023, counsel for Plaintiff in the Kentucky case learned that APP had filed for bankruptcy along with many of its subsidiaries. This was confirmed when counsel for APP filed a Notice of Suggestion of Bankruptcy and Automatic Stay in Case No. Case No. 21-CI-00542. Upon information and belief, Debtors have professional liability insurance through MAG Mutual Insurance Company available to cover damages sought by Petitioner.

**ARGUMENT AND CITATION OF AUTHORITY.**

Petitioner now comes before this Court requesting relief from the automatic stay protections of 11 U.S.C. § 362 such that her claims against the Debtors in Case No. 21-CI-00542, their agents and unrelated co-defendants might proceed forward. Permitting Petitioner's civil lawsuit for injuries to proceed forward, where the Debtors' insurer(ers) is required to defend and indemnify the Debtors, will in no way affect or cause detriment to the Debtors' bankruptcy estate for which the protections of 11 U.S.C. § 362 apply. The Petitioner represents to the Court that any recovery *from Debtors* in Case No. Case No. 21-CI-00542 will be limited to the amount of

available insurance proceeds.  Petitioner does reserve any objections to discharge that she may be able to assert separately and reserves the right to collect a judgement against non-debtor co-defendants in excess of available insurance limits.

Under 11 U.S.C. § 362(d)(1), the automatic stay imposed after filing for bankruptcy can be lifted, so long as an interested party can demonstrate "cause."  A bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. *In the Matter of Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) ("*Rexene Products*"). This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and (3) the creditor's probability of success on the merits. *See In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009). To establish cause, Movants must show that the "balance of hardships from not obtaining relief tips significantly in [their] favor." *Atl. Marine, Inc. v. Am. Classic Voyages, Co.* (*In re Am. Classic Voyages, Co.*), 298 B.R. 222, 225 (D. Del. 2003) (internal citation omitted). Here, the facts weigh heavily in Petitioner's favor on each of these three prongs.

In the case *sub judice*, Petitioner initiated her civil suit for injuries <u>prior</u> to the Debtors seeking bankruptcy protection and the automatic stay of § 362.  Petitioner sustained a horrific injury with 90% of her skin separating from her body and sloughing off very similar to a burn victim and permanent ocular damage.  She has subsequently disclosed numerous qualified medical experts to support her claims against Debtors.   Petitioner's circuit court action for injuries and damages has, however, been stayed in its entirety (even as to non-debtor co-defendants). Fourteen (14) expert depositions that were previously scheduled were cancelled and Petitioner is in jeopardy

of losing her specially set trial date of March 4, 2024.  The hardship to Petitioner resulting form the stay is enormous.

Conversely, lifting the stay and allowing Petitioner to proceed against available insurance results in no tangible hardship to Debtors.  As mentioned above, APP has professional liability insurance with MAG Mutual Insurance Company that would cover Petitioner's claims against it.  Upon reasonable belief and information, the Debtors' liability insurer(ers) are defending, paying defense counsel, paying court costs and indemnify Petitioner's claims and the Debtors' bankruptcy estate assets will in no way be pursued or dissipated by permitting the subject circuit court civil claim to proceed.

From the foregoing reasons, Petitioner respectfully moves this Court to grant her request for relief from stay such that Petitioner's circuit court action against the Debtors may be permitted to continue forward with the lifting of the automatic stay of 11 U.S.C. § 362.

Date: <u>October  5, 2023</u>                              Respectfully submitted:

                                                     **JACOBS & CRUMPLAR, P.A.**

                                                    <u>/s/ Raeann Warner</u>
                                                    Raeann Warner, Esq. (DE 4931)
                                                    750 Shipyard Drive, Suite 200
                                                    Wilmington, DE  19801
                                                    (t) (302) 656-5445

                                                    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023 a copy of the foregoing Motion for Relief from Stay was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties can access this document through the Court's system.

**JACOBS & CRUMPLAR, P.A.**

/s/ Raeann Warner
Raeann Warner, Esq. (DE 4931)
750 Shipyard Drive, Suite 200
Wilmington, DE 19801
(t) (302) 656-5445

*Attorney for Plaintiff*