**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN PHYSICIAN PARNTERS, LLC, *et al*,[1]<br><br><br><br>Debtors. | Chapter 11<br><br>Case No.  23-11469 (BLS)<br>(Jointly Administered)<br><br><br>**Objection Deadline: October 24, 2023, at 4:00 pm (ET)**<br>**Hearing Date: October 31, 2023, at 11:00 a.m.  (ET)** |

**MOTION OF LARRY RICKY KINCER FOR RELIEF FROM THE AUTOMATIC
STAY TO THE EXTENT OF LIABILITY INSURANCE PROCEEDS**

Larry Ricky Kincer ("Movant"), by and through his undersigned counsel, hereby moves

this honorable Court (the "Motion"), pursuant to section 362(d) of title 11 of the United States

Code, 11 U.S.C. §§  101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure

4001, and Local Rule 4001-1, for an order lifting the automatic stay imposed by section 362(a)

of the Bankruptcy Code for the purpose of pursuing his claims against debtor Northeast

Tennessee Emergency Physicians (the "Debtor") and proceeding to collect any award against

any available insurance proceeds related to Movant's pending personal injury action. In support

of this Motion, the Movant respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

Venue in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      This is a core proceeding within the meaning of 28 U.S.C. §§ 157 (b).

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

3.      The legal predicate for the relief requested herein is 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

**FACTS**

4.      Movant's claim arises out of the negligent acts or omissions  of the Debtor when he was a patient at the Ballad Health emergency room in Kingsport, Sullivan County, Tennessee.

5.      The recognized standard of acceptable  professional practice for emergency room physicians in East Tennessee or similar community for treating Movant required Debtor to provide treatment for stroke, order an MRI or further assess and evaluate Movant for the purpose of monitoring the progression of stroke symptoms and to provide timely treatment.

6.      Debtor did not follow and deviated from the recognized standard of acceptable professional practice when treating Movant in that it released and discharged Movant from the ER on March 20, 2019. Movant returned to the ER the following day presenting with signs of a stroke.

7.      As a result of Debtor's negligence, Movant will require for the rest of his life further treatment for services for stroke, which will result in related bills that he otherwise would not have incurred.

8.      On June 27, 2023, Movant filed a complaint in the Circuit Court for Sullivan County at Kingsport, Tennessee (the "Complaint"). A copy of the Complaint is attached hereto as Exhibit A.

9.      On September 18, 2023, (the "Petition Date"), the Debtor and its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"), and these cases were jointly administered.

**RELIEF REQUESTED**

10.     Through this Motion, Movant seeks the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting him permission to  prosecute his claims against the Debtor to judgment and satisfy any award or other resolution they may obtain against the Debtor from proceeds of any applicable insurance policies.

**BASIS FOR RELIEF REQUESTED**

11.     Upon information and belief, the Movant's claim is insured. Movant seeks recovery from Debtor only from applicable insurance.

12.     Further, the claim at issue arises under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

13.     Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

14.     The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay…(1) for cause, including the lack of adequate protection of an interesting property for such party interest.

11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,*  141 B.R. 547, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

15.     At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtor's equity in

property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987): 11 U.S.C. § 362(g). If the creditor seeking relief from the automatic stay makes a prima facie case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.,* 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

16.     Courts regularly follow the logic of the intent behind § 362(d) which is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009)(quoting legislative history of § 362(d)) (internal citations omitted).

17.     Courts also generally lift the stay to allow personal injury actions to proceed to state court where the Debtor has liability coverage for defense costs and any resulting judgment. See *Matter of Holtkamp* (7th Cr. 1982 669 F.2d. 505, 508). In *Holtkamp* the court held that allowing a personal injury action against the debtor to proceed did not bar the debtor where the debtor's insurance company had "assumed full financial responsibility for defending that litigation." See also, *Foust v. Munson S.S. Lines,* (1936) 229 U.S. 77, 87-88, in which the court allowed a wrongful death action against a bankrupt defendant to proceed despite the stay, stating that plaintiff was "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy." See also, *In re Adolf Gobel, Inc.,* 89 F.2d 171 (2d Cir.1937); *In re Winterland,* 101 B.R. 547 (C.D. Ill 1988); *In re Honosky,* 6 B.R. 667, 669 (Bankr.S.D.W.Va.1980).

18.     Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

> (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and

(3) the creditor's probability of success on the merits.

*See In re Tribune.,* 418 B.R. at 126.

19.    Here, the facts weigh in Movant's favor on each of these three prongs. First, the Debtor will not suffer prejudice should the stay be lifted because Movant's personal injury action will proceed in state court where the Debtor has liability coverage for defense costs and any resulting judgment.

20.    Furthermore, to the extent the Debtor's liability to the Movant is covered by insurance policies, any recovery by Movant will not affect or in any way prejudice the Debtor's estate. *See In re 15375 Memorial corp.,* 382 B.R. 652 687 (Bankr. D. Del 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("[W}hen a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate," (quoting *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claims to the insurance proceeds, those proceeds are not the property of the estate." *In re Edgeworth,* 993 F.2d 51,55-56 (5th Circ. 1993).

21.    Second, the Movant will face substantial hardship if the stay is not lifted. The Movant is a resident of Virginia and in close proximity to Sullivan County, Tennessee. The events which form the basis of Movant's claim occurred exclusively in Tennessee. If the Movant is forced to litigate his claim in Delaware, he would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *In re Peterson*, 116

B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Movant's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly. Moreover, the Debtor will not suffer any hardship if the Movant's claim is allowed to proceed. Movant's claim is a garden variety personal injury claim which does not present any factual or legal issues which will impact or distract the Debtor(s) from their reorganizing process.

22.    Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.*, 152 B.R. 420,426 (D. Del. 1993). This prong also weighs heavily in Movant's favor. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from stay in cases where...the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

23.    When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtor to judgment in state court and to satisfy any award or other resolution they may obtain against the Debtor from the proceeds of any applicable insurance policies.

## CONCLUSION

WHEREFORE, Movant respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit B, and for such further additional relief as may be just and proper under the circumstances.

Dated: October 16, 2023

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
Amy D. Brown (DE 4077)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5812
Facsimile:  (302) 425-5814
mbusenkell@gsbblaw.com
abrown@gsbblaw.com

*Attorneys for Movant Larry Ricky Kincer*