# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>AMERICAN PHYSICIAN PARTNERS, LLC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 23-11469 (BLS)<br>) Jointly Administered<br>)<br>)<br>) **Objections Due:** 10/24/23 by 4:00 p.m.<br>) **Hearing Date:** 10/31/23 at 11:00 a.m. |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

MARIA MORALES, Individually and as Special Administrator of the Estates of Twin A and Twin B, Deceased ("Movant"), by and through her undersigned attorneys, states as follows:

1. The above-captioned debtors (the "Debtors") commenced their voluntary cases under Chapter 11 of the United States Bankruptcy Code on September 18, 2023.

2. Upon information and belief, since filing their voluntary Chapter 11 petitions, the Debtors have been operating their businesses and managing their financial affairs as debtors in possession within the contemplation of 11 U.S.C. § 1106.

3. The Court has jurisdiction over this Motion and the relief requested herein pursuant to 11 U.S.C. § 362 and 28 U.S.C. § 1334(b).

4. This is a core proceeding within the contemplation of 28 U.S.C. § 157(b)(2)(G).

5. On September 3, 2020, Movant commenced an action against APP of Illinois ED, PLLC ("APP Illinois"), one of the Debtors, and others for medical negligence and wrongful death

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

in the Circuit Court, Nineteenth Judicial Circuit, Lake County, Illinois under case number 20-L-599 (the "State Court Case"). A copy of Movant's First Amended Complaint filed in the State Court Case on September 8, 2020, is attached hereto as Exhibit A.

6. In her First Amended Complaint, Movant alleges, among other things, that the negligence and misconduct of APP Illinois and other defendants resulted in significant injuries to her and the wrongful death of her unborn twins.

7. The State Court Case concerns occurrences solely within the State of Illinois and application of the laws of the State of Illinois.

8. Movant has aggressively and expeditiously prosecuted her claims in the State Court Case with the goal of having those claims adjudicated as promptly as possible.

9. APP Illinois appeared by counsel in the State Court Case on October 20, 2020, and has actively participated in the State Court Case since that time. A copy of the entry of appearance by APP Illinois' counsel is attached hereto as Exhibit B.

10. A jury trial in the State Court Case is scheduled to begin February 5, 2024.

11. The Order for Relief in the Debtors' jointly administered Chapter 11 cases on September 18, 2023, stayed prosecution of Movant's claims against APP Illinois pursuant to 11 U.S.C. § 362(a).

12. Movant is informed and believes APP Illinois owns policies of insurance applicable to Movant's claims and the damages Movant has suffered.

13. This Court cannot liquidate or estimate personal injury and wrongful death claims such as those at issue in the State Court Case. 28 U.S.C. § 157(b)(2)(B).

14. By reason of the prohibition against this Court liquidating personal injury and wrongful death claims, as well as in the interests of comity, it is appropriate for this Court to grant

Movant relief from the automatic stay in order to prosecute the State Court Case to its conclusion and recover compensation for her damages from the proceeds of applicable insurance policies. *In re Pedro,* 2011 WL 3741504 (Bankr. E.D. Pa. 2011).

15. In light of the time, effort, and expense incurred by the parties in the State Court Case, it is also appropriate for the Court to grant Movant relief from the automatic stay so that she may prosecute the State Court Case to its conclusion and to recover compensation for her damages from the proceeds of applicable insurance policies. *Id.*

16. Based upon the foregoing, "cause" exists for granting Movant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Relief from the automatic stay should permit Movant to adjudicate and liquidate her claims against APP Illinois and recover damages to the extent of available insurance coverage.

17. Movant understands that to the extent her claims against APP Illinois exceed the limits of available insurance coverage, aside from filing a proof of claim against the Debtors, she will be prohibited from seeking recovery from APP Illinois absent further Order of this Court.

18. An Order granting the relief requested in this Motion should be enforceable immediately notwithstanding the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

WHEREAS, MARIA MORALES, Individually and as Special Administrator of the Estates of Twin A and Twin B, Deceased, respectfully requests and prays that this Court grant her relief from the automatic stay in order to permit Movant to (a) adjudicate and liquidate her claims against

APP of Illinois ED, PLLC, (b) recover damages to the extent of proceeds of available policies of insurance, and Movant prays for such additional relief as the Court deems appropriate.

Date:  October 16, 2023

Respectfully submitted,

**CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
KAREN C. BIFFERATO (#3279)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone: 302-757-7300
Facsimile: 302-757-7299
kbifferato@connallygallagher.com

- and -

**GOLDENBERG HELLER & ANTOGNOLI P.C.**

Steven M. Wallace, Esquire
2227 South State Route 157
Edwardsville, IL 62025
Telephone:  618.656.5150
Facsimile:  618.656.6230
steven@ghalaw.com

*Attorneys for Maria Morales*