IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11469 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 75** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) EMPLOY AND RETAIN HURON CONSULTING SERVICES LLC, AND (B) DESIGNATE JOHN C. DIDONATO AS CHIEF RESTRUCTURING OFFICER AND JAMES E. NUGENT AS DEPUTY CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE; (II) AUTHORIZING THE PROVISION OF ADDITIONAL PERSONNEL FOR THE DEBTORS; AND (III) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for the entry of an order (this "Order") authorizing the Debtors to: (i) employ and retain Huron Consulting Services LLC ("Huron") to provide the Debtors with a Chief Restructuring Officer ("CRO") and additional support staff to assist the CRO (the "Additional Staff"); and (ii) designate John C. DiDonato as CRO and James E. Nugent as deputy CRO (together with the Additional Staff, the "Huron Personnel") in the Chapter 11 Cases effective as of the Petition Date, pursuant to the terms of the engagement letter by and among the Debtors and Huron, dated as of September 16, 2023 (the "Engagement Letter"), and granting related relief, all as more fully set forth in the Application; and upon consideration of the DiDonato Declaration submitted concurrently with the Application

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way, Suite 300, Brentwood, TN 37027.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

and the other declarations and exhibits filed in the Chapter 11 Cases; and the Court being satisfied, based on the representations made in the Application and the DiDonato Declaration, that, other than as described herein, Huron does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of Huron is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The terms of the Engagement Letter including, without limitation, the compensation and indemnification provisions as modified by the Application and this Order, are approved.

3. The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the

corporate bylaws and applicable state law and to provide insurance coverage to such executive officers under the Debtors' or their affiliates' existing director and officer liability policies. There shall be no other indemnification of Huron or its affiliates.

4. The Debtors are authorized to employ and retain Huron to provide the Debtors with a CRO, to designate Mr. DiDonato as CRO for the Debtors and Mr. Nugent as deputy CRO for the Debtors, and to provide additional Huron Personnel for the Debtors, effective as of the Petition Date, on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything to the contrary in the Engagement Letter, the Application, or any of the exhibits related thereto:

    a. Huron shall not act in any other capacity (for example, without limitation, financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the Chapter 11 Cases.

    b. In the event the Debtors seek to have Huron personnel assume executive officer positions that are different than the positions disclosed in the Application or to change materially the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, an application or motion to modify the retention shall be filed.

    c. Huron shall file with the Court with copies to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee"), and any party that has requested notice pursuant to Bankruptcy Rule 2002 (the foregoing parties, collectively the "Notice Parties"), a monthly report (a "Monthly Report") on the engagement for the previous month. Monthly Reports shall include the names and functions filled by the individuals assigned and a summary chart that describes the compensation earned by each Huron Personnel and itemizes the expenses incurred for the relevant period. All staffing shall be subject to review by the Court in the event an objection is filed. The time records shall (i) be appended to such reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category (but may be redacted to protect any attorney-client privilege or other applicable privilege). Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task (in half-hour increments for the CROs but one-tenth hour increments for all other personnel) and corresponding charge (multiplied by hourly rate) for each task. The Notice Parties shall have 14 days after the date each Monthly

        Report is served on the Notice Parties to object to such Monthly Report. In the event an objection is raised and not consensually resolved between the Debtors and the objecting party, the objected-to portion of the Monthly Report shall be subject to review of the Court. No payments shall be made to Huron on account of the objected-to portion of such Monthly Report until such objection is resolved.

d.     Notwithstanding anything to the contrary contained in the Application, Engagement Letter, or any exhibits thereto, during the course of the chapter 11 cases, Huron will only seek reimbursement of actual and necessary expenses itemized in the Monthly Report.

e.     Subject to the Notice Parties' rights to object as set forth in paragraph (c) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Huron for fees and expenses incurred in connection with Huron's retention, provided, however, that Huron shall not seek reimbursement for any attorneys' fees or expenses for the defense against any formal objection to its compensation in these chapter 11 cases.

f.     Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of case on a reasonable standard. No success fee or back-end fee shall be sought upon conversion of the chapter 11 cases, dismissal of the chapter 11 cases for cause, or the appointment of a trustee.

g.     No principal, employee, or independent contractor of Huron and its affiliates shall serve as a director of the above-captioned Debtors during the pendency of the Chapter 11 Cases.

h.     For three years after the conclusion of the engagement, Huron and its affiliates shall not make any investments in the Debtors or any reorganized Debtor.

i.     During these Chapter 11 Cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

j.     Huron has disclosed any and all facts that may have a bearing on whether it has any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. If additional Potential Parties-in-Interest are provided to Huron and any new material relevant facts or relationships are discovered or identified, Huron will promptly file a supplemental declaration.

k.     Upon entry of this Order, Huron shall be permitted to apply a portion of its Retainer to its unbilled prepetition fees and expenses.

5.     Notwithstanding anything in the Engagement Letter:

    a.    any controversy or claim with respect to, in connection with, arising out of, or in any way related to the Application or the services provided by the Huron Personnel to the Debtors as outlined in the Application, including any matter involving a successor in interest or agent of any of the Debtors or of Huron, shall be brought in this Court;

    b.    Huron, the Debtors, and any and all of their successors and assigns, consent to the jurisdiction and venue of the Court as the exclusive forum for the resolution of Huron's and the Debtors' claims, causes of actions, or lawsuits described above (unless the Court does not have or retain jurisdiction over such claims or controversies);

    c.    Huron and the Debtors, and any and all successors and assigns, waive trial by jury, such waiver being informed and freely made; and

    d.    Huron and the Debtors will not raise or assert any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to the Application or the services provided hereunder.

6.    To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

7.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.    This Court shall retain jurisdiction and power to hear and determine all matters arising from or related to the implementation of this Order.

**Dated: October 16th, 2023**
**Wilmington, Delaware**

                                          **BRENDAN L. SHANNON**
                                          **UNITED STATES BANKRUPTCY JUDGE**