# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) Case No. 23-11469 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DECLARATION IN SUPPORT OF EMPLOYMENT OF LUBELL ROSEN, LLC AS PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, Patrick R. Sullivan, Esq., pursuant to 28 U.S.C. § 1746, declare that the following is true to the best of my knowledge, information, and belief.

1. I am a partner of the law firm Lubell Rosen, LLC, located at 200 S. Andrews Avenue, 9th Floor, Fort Lauderdale, FL 33301, which has been employed by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") in the ordinary course of the Debtors' business. The Debtors wish to retain the Firm to continue providing ordinary course services during the Chapter 11 Cases, and the Firm has consented to provide such services. This Declaration is submitted in compliance with the *Order (I) Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* (the "Ordinary Course Professionals Order").

2. The Firm may have performed services in the past, may currently perform services and may perform services in the future in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases. The Firm does not perform services for any such

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way, Suite 300, Brentwood, TN 37027.

person in connection with the Chapter 11 Cases, or have any relationship with any such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

3. The Debtors have requested that the Firm provide legal services related to the collection of underpaid and improperly denied medical insurance claims for the Debtors, and the Firm has consented to provide such services.

4. The Firm provided services to the Debtors prior to the commencement of the Chapter 11 Cases.

5. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. The Firm represents the Debtors on a contingency fee basis meaning that the Debtors owe the Firm if, and when, the Firm collects money for the Debtors. Therefore, the expenses incurred by the Firm prior to the date the Chapter 11 Cases were commenced (the "<u>Petition Date</u>") were not due prior to the date the Chapter 11 Cases were commenced., the

payment of which is subject to the limitations contained in the Bankruptcy Code and any orders of the Court.

9. As of the Petition Date, the Firm held a prepetition retainer of $0 as the Firm is retained on a contingency fee basis.

10. As of the Petition Date, the Firm was not party to an agreement for indemnification with the Debtors.

11. The Firm understands that, if the Firm is not a law firm, the Firm has agreed to and confirms that it has waived any outstanding prepetition fees and expenses. The Firm understands that, if it is a law firm, it must file a proof of claim for the outstanding prepetition fees and expenses unless the amount thereof is properly listed in the Debtors' schedules of liabilities and is not designated therein as contingent, unliquidated, or disputed.

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 10/20/2023

DocuSigned by:
*Patrick Sullivan*
8305B751C8EF410...

Patrick R. Sullivan, Esq.
Lubell Rosen, LLC
200 S. Andrews Avenue
9th Floor
Fort Lauderdale, FL 33301
prs@lubellrosen.com
954-880-9500