IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) ) ) | Case No. 23-11469 (BLS) |
|   | ) ) | (Jointly Administered) |
| Debtors. | ) ) | **Re: Docket No. 73** |

**SIXTH OMNIBUS ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS, EACH EFFECTIVE AS OF THE PETITION DATE, (II) GRANTING A LIMITED WAIVER OF BANKRUPTCY RULE 6006(f)(6), AND (III) GRANTING RELATED RELIEF**

Upon the sixth omnibus motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 6006 (the "Bankruptcy Rules"): (a) authorizing the rejection of certain executory contracts set forth on Schedule 1 to **Exhibit A** attached hereto, including any guaranties to such contracts and leases and any amendments or modifications thereto (each, a "Contract," and collectively, the "Contracts"), each effective as of the Petition Date; (b) granting a limited waiver of the numerosity requirement of Bankruptcy Rule 6006(f)(6); and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners.  The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

[2] Capitalized terms used in this Order but not immediately defined have the meanings given to such terms in the Motion.

1

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Each of the Contracts set forth on **Schedule 1** attached hereto is rejected effective as of the Petition Date.

3. Any proofs of claim for damages in connection with the rejection of the Contracts, if any, shall be filed on or before the later of (a) the claims bar date established by the Court in these chapter 11 cases, if any, and (b) thirty (30) days after entry of this Order. The Debtors reserve all rights to contest any rejection damages claim and to contest the characterization of each Contract as executory. If the Debtors have deposited monies with a counterparty to a Contract as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of the Court.

4. The Debtors do not waive any claims that they may have against the counterparty to any Contract, whether or not such claims are related to such Contract.

5. The numerosity requirements of Bankruptcy Rule 6006(f)(6) are waived for the Motion, and the rejection of the Contracts authorized by this Order complies with the requirements of Bankruptcy Rule 6006(f).

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, lease, or sublease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

DOCS_DE:245065.3 03370/001

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 31st, 2023  
Wilmington, Delaware

BRENDAN L. SHANNON  
UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:245065.3 03370/001