## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*[1] | ) Case No. 23-11469 (BLS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Related to Docket No. 259 |
| | ) Hearing Date: November 14, 2023 at 10:00 a.m. EST |

---

### OBJECTION OF OZBURN & COMPANY, LLC AND OZBURN & COMPANY GENERAL PARTNERSHIP TO DEBTORS' SEVENTH OMNIBUS MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF (A) CERTAIN UNEXPIRED LEASES AND (B) CERTAIN EXECUTIORY CONTRACTS

Ozburn & Company, LLC and Ozburn & Company General Partnership (collectively, the "Landlords") submit this objection (the "Objection") to Debtors' Seventh Omnibus Motion Seeking Entry of an Order (I) Authorizing the Rejection of (A) Certain Unexpired Leases and (B) Certain Executory Contracts, each Effective as of the Specified Rejection Date (the "Motion"). In support of the Objection, the Landlords respectfully state as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

### BACKGROUND

2.     The Landlords are the owners, affiliates, or managing agents for the owners of properties and are parties to non-residential real estate written leases (each, a "Lease," and

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way, Suite 300, Brentwood, TN 37027.

collectively, the "Leases")[2] for Debtors' headquarters located at 5121 Maryland Way, Brentwood, TN 37027 (collectively, the "Leased Premises").

3.      On August 8, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have requested join administration of their bankruptcy cases.

4.      On October 23, 2023, the Debtors filed *Debtors' Seventh Omnibus Motion Seeking Entry of an Order (I) Authorizing the Rejection of (A) Certain Unexpired Leases and (B) Certain Executory Contracts, each Effective as of the Specified Rejection Date* [Docket No. 259].

5.      The Motion, in part, seeks to reject the Leases retroactively to October 31, 2023 (the "Rejection Date").

6.      However, the Debtors have been in possession of the Leased Premises and continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code beyond the Rejection Date of October 31, 2023.

## OBJECTION

### A.  The Landlords Are Prejudiced and the Debtors Are Required to Pay the Rent Until Judicial Approval Is Secured

7.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval. Courts generally authorize debtors to assume or to reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment."

---

[2] Schedule 1 to *Debtors' Seventh Omnibus Motion Seeking Entry of an Order (I) Authorizing the Rejection of (A) Certain Unexpired Leases and (B) Certain Executory Contracts, each Effective as of the Specified Rejection Date* delineates each of the Leases at issue in this Objection.

8.      Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively. However, courts have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of Section 365(a). Courts have further held that the retroactive rejection of executory contracts and unexpired leases may be approved "after balancing the equities" of a case and concluding that such equities weigh in favor of the debtor.  Thus, only after balancing the equities in a particular case, should the court approve a retroactive rejection of nonresidential lease.  See *In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (recognizing  bankruptcy court's equitable power to retroactively reject a lease, but refusing to authorize retroactive rejection of restaurant lease beyond date of surrender of premises to lessor).* **Here the equities do not weigh in favor of the Debtors**.

9.      In order for the Court to grant retroactive rejection of a lease or contract, the Court's decision must be dictated by equitable considerations. See e.g., *Thinking Machines Corp. v. Mellon Financial Services Corp. (In re Thinking Machines Corp.), 67 F.3d 1021, 1028 (1st Cir.1995); In re Amber's Stores, Inc., 193 B.R. 819, 827 (Bankr.N.D.Tex.1996)* (granting retroactive rejection as function of fairness); *Constant Limited Partnership v. Jamesway Corp. (In re Jamesway Corp.), 179 B.R. 33, 39 (S.D.N.Y.1995)* (nunc pro tunc rejection warranted to avoid penalizing debtor for creditor's unnecessary delay); *In re Garfinckels, Inc., 118 B.R. 154 (Bankr.D.D.C.1990)* (nunc pro tunc rejection warranted where no prejudice posed to creditor); *In re Phila. Newspapers, LLC, 424 B.R. 178, 185.*  Here, however, the only parties prejudiced are solely the Landlords due to Debtors' unnecessary delay coupled with leaving the Debtors' Property at the Leasehold Premises.

10.      The Leased Premises are subject to those certain Leases as identified on Schedule 1 to the Debtors' Motion and the Debtors' and the Debtors' Property have remained on the Leased

Premises beyond the Rejection Date.

11.     Rejection should not be deemed as of the Rejection Date since the Debtors have not surrendered the Leased Premises to the Landlords despite Debtors' assertions otherwise. (See Motion at ¶ 7).

12.     In fact, significant furniture and other belongings of the Debtors (the "Debtors' Property") remain on the Leased Premises to the Landlords detriment.

13.     Additionally, the Landlords are severely prejudiced in that they received only seven (7) days' notice from Debtors' with regard to their intentions to vacate and/or remain on the Leased Premises so that the Landlords could re-let the Leased Premises without undue delay and/or hardship.  However, Debtors' left the Landlords in a holding pattern as early as September 28, 2023, with no guidance as to Debtors' intentions to vacate and/or remain on the Leased Premises until such time as the Debtors' Motion was filed on October 23, 2023.

14.     Furthermore, the Debtors have not demonstrated any prejudice that would require a retroactive rejection date.  It is solely the Landlords who are severely prejudiced with the relief sought by Debtors.

15.     As such, the Landlords are entitled for those pro-rated portions of postpetition rent from the Leases through the later of the date of court approval or the date the Debtors' fully surrender the Leased Premises to the Landlords and further demand that the Debtors' Property be fully removed from the Leased Premises at the Debtors' sole expense.

## RESERVATION OF RIGHTS

16.     The Landlords reserves all their rights, remedies, claims, and actions with respect to the Leases and the obligations of the Debtors under the Leases.

17.     The Landlords reserve any and all rights to supplement or amend this Objection and

expressly reserve the right to object to any additional relief sought by the Debtors in connection with the Leases.

18.     To the extent that Landlords suffer other pecuniary losses under their Leases, the Landlords reserve their rights to amend for such amounts or for any other reason.

## **CONCLUSION**

WHEREFORE, the Landlords respectfully request that this Court (i) enter an order denying the relief requested in the Motion in accordance with this Objection, (ii) ordering payment of percentage of rent, CAM, utilities and taxes, to the date of the order approving rejection of the Leases, (iii) ordering removal of Debtors' Property from the Leased Premises at Debtors' sole expense; and (iv) granting Landlords such other and further relief as the Court deems just and proper.

**REGER RIZZO & DARNALL LLP**

*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE 19803
(302) 477-7100
*Counsel for Ozburn & Company, LLC and Ozburn*
*& Company General Partnership*

Dated:   November 6, 2023

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies on this 6TH day of November, 2023, that a true and correct copy of the Objection to Debtors' Seventh Omnibus Motion [Docket No. 259] was caused to be served upon all parties required to receive notice pursuant to De. Bankr. LR 4001-1 via this Court's ECF filing system and/or by United States Mail, postage prepaid, upon the following parties:

| | |
|---|---|
| Timothy P. Cairns, Esquire<br>Laura Davis Jones, Esquire<br>Peter J. Keane, Esquire<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801 | Donald J. Detweiler, Esquire<br>Elazar A. Kosman, Esquire<br>Morgan L. Patterson, Esquire<br>Womble Bond Dickinson LLP<br>1313 North Market Street<br>Suite 1200<br>Wilmington, DE 19801 |
| Joseph F. Cudia, Esquire<br>Richard L. Schepacarter, Esquire<br>Office of the United States Trustee<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 | Todd C. Meyers, Esquire<br>Kelly Moynihan, Esquire<br>David M. Posner, Esquire<br>Kilpatrick Townsend & Stockton LLP<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY 10036 |
| Epiq Corporate Restructuring, LLC<br>www.epiqsystems.com<br>777 Third Avenue, 12th Floor<br>New York, NY 10017 | |

**REGER RIZZO & DARNALL LLP**

*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE 19803
(302) 477-7100
*Counsel for Ozburn & Company, LLC and Ozburn & Company General Partnership*

Dated:   November 6, 2023