IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 23-11469 (BLS) |
| AMERICAN PHYSICIAN | ) | (Jointly Administered) |
| PARTNERS, LLC, *et al*.,[1] | ) | |
| | ) | Hearing Date: December 14, 2023 at 10:00 a.m. |
| Debtors. | ) | Objection Deadline: December 5, 2023 at 4:00 p.m. |

**MOTION OF SUSAN WILSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAVID V. WILSON, II, DECEASED, KATHERINE WILSON, SARAH WILSON, AND DAVID V. WILSON, III FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

Susan Wilson, individually and as representative of the Estate of David V. Wilson, II, Deceased, Katherine Wilson, Sarah Wilson, and David V. Wilson, III (collectively, the Movants"), by and through their undersigned counsel, hereby move this Honorable Court (the "Motion") for entry of an order, pursuant to Section 362(d) of the Bankruptcy Code, Fed. R. of Bankr. P. 4001, and Del. Bankr. L.R. 4001-1, lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of permitting Movants to (i) prosecute and liquidate their personal injury claims and wrongful death claims against debtor West Houston Emergency Physicians, P.L.L.C. ("West Houston") and A.H. DO (defined below), an additional insured under the insurance policy affording coverage to debtor American Physician Partners, LLC ("American Physician Partners"), asserted in their civil action pending in the District Court of Harris Couty, Texas, 11th Judicial District, Cause No. 21-32200 (the "State Court Action"),[2] (ii) proceed to collect any judgment or settlement in the first instance from any available insurance proceeds under any applicable insurance policy, and (iii) seek to recover any portion of the judgment or settlement

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

[2] A copy of the Petition initiating the State Court Action (the "Petition") is attached as **Exhibit A**.

not satisifed from insurance proceeds through the bankruptcy claims resoluton process. In support of the Motion, Movants respectfully state the following:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Plaintiffs confirm their consent pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue for this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested in this Motion are Section 362(d) of the Bankruptcy Code, Fed. R. of Bankr. P. 4001, and Del. Bankr. L.R. 4001-1.

## The Parties

4.      Susan Wilson is an individual who is a citizen and resident of Harris County, Texas. Susan Wilson is the surviving spouse of David Wilson, Deceased, and the Independent Executor of the Estate of David Vandiver Wilson, II, Deceased. Susan Wilson brings claims in her individual capacity and claims in her capacity as the Independent Executor of the Estate of David Vandiver Wilson, II, Deceased.[3]

5.      West Houston is a professional limited liability company formed under the laws of the State of Texas.

---

[3] At the time the State Court Action was filed, David V. Wilson, III was a minor. As such, Susan Wilson also brought claims as next friend of D.V. III, Minor Child. David V. Wilson, III has now reached the age of majority. Therefore, once the automatic stay is lifted in the State Court Action, an amended petition will be filed in the State Court Action identifying David V. Wilson, III as a plaintiff and asserting claims in his individual capacity.

6. On September 19, 2023 (the "Petition Date"), West Houston and certain of its affiliates, including American Physician Partners (the "Debtors") filed their voluntary petitions for relief under Chapter 11 the Bankruptcy Code. The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. American Physician Partners is the named insured on an insurance policy that provides coverage for acts of alleged medical negligence committed by A.H. DO, among others.

7. Katherine Wilson is an individual who is a citizen and resident of Travis County, Texas. Katherine Wilson is the adult daughter of David Wilson.

8. Sarah Wilson is an individual who is a citizen and resident of Harris County, Texas. Sarah Wilson is the adult daughter of David Wilson.

9. David V. Wilson, III is an individual who is a citizen and resident of Harris County, Texas. David V. Wilson, III is the adult son of David Wilson.

**Background**

10. At all relevant times, David Wilson, deceased, was a patient of West Houston. On June 3, 2019, David Wilson presented to the emergency department of West Houston. Mr. Wilson was complaining of sharp chest pain which manifested forty-five minutes prior to admission. Upon arrival, A.J., RN triaged Mr. Wilson and noted complaints of radiating chest pain. Mr. Wilson was placed in an emergency department room at 19:40. At 19:44, U.R., RN was assigned as Mr. Wilson's primary nurse. At 19:48, A.H., DO was assigned as Mr. Wilson's attending physician.

11. At 19:56, U.R. noted that Mr. Wilson was complaining of chest pain and cramping in his right hip, which radiated to the left side of his body. Mr. Wilson also reported decreased hearing in both ears. A chest x-ray was done at 20:01, which showed a tortuous thoracic aorta. An hour later, at 20:55, U.M. noted that Mr. Wilson was still pending an initial evaluation by A.H. By 21:26, Mr. Wilson began experiencing increasing pain and requested pain medication. Although

U.M. notified A.H. of this request, no new orders were given, and A.H. did not come to evaluate Mr. Wilson.

12. At 22:00, U.R. again noted that Mr. Wilson was requesting pain medication. U.R. notified A.J. and charted that "appropriate orders" were placed. A.H. still did not come to evaluate Mr. Wilson. At 22:26, U.M, noted that Mr. Wilson's daughter ran to the nursing station and yelled that a nurse was needed in the room immediately. U.R. noted that Mr. Wilson was experiencing seizure-like activity with no radial pulse. A Code Blue was called and CPR was initiated on Mr. Wilson at 22:26. A.H. finally came to the bedside for the first time to assist with the code. Unfortunately, Mr. Wilson died at 23:29 on June 3, 2019. An autopsy was performed which revealed the cause of death to be hemopericardium due to ruptured aortic dissection.

13. The Petition asserts a cause of action for medical negligence against West Houston and A.H. DO, among other defendants, arising from the following: (i) failing to institute appropriate medical care and nursing care; (ii) failing to take precautions to prevent injuries sustained by David Wilson; (iii) failing to timely treat and diagnose David Wilson's medical condition; (iv) failing to properly and timely manage and treat David Wilson; and (v) failing to provide medical and nursing care according to the standard of care and in a negligent fashion.

14. The Petition seeks damages for: (i) past physical pain and suffering of David Wilson; (ii) past mental anguish of Movants, which they will, in all probability, continue to suffer in the future; (iii) the medical expenses that Movants have incurred in the past and will, in all reasonable probability, continue to incur in the future; (iv) lost earnings or loss of wage-earning capacity of David Wilson; (v) loss of consortium; (vi) loss of household services; (vii) loss of companionship and society; (viii) loss of enjoyment of life; (ix) funeral and burial expenses; and (x) any and all damages recoverable under the Texas Wrongful Death and Texas Survival Statutes'

15. Upon information and belief, the Debtors are covered by insurance policies applicable to the Movants' claims in the State Court Action.

### Statement of Relief Requested

16. By this Motion, Movants seek relief from the automatic stay so that they may (i) liquidate their claims against West Houston and A.H. DO, (ii) proceed to collect any judgment or settlement in the first instance against any available insurance proceeds under any applicable policy, and (iii) seek to recover any portion of any judgment or settlement not satisifed from insurance proceeds through the bankruptcy claims resoluton process.

### Basis for the Relief Requested

17. Section 362 of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause....

11 U.S.C. § 362(d). The term "cause" is not defined in the Code, but rather, must be determined on a case-by-case basis. *In the Matter of Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citations, internal quotations omitted). "Cause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007). Courts often follow the logic of the intent behind § 362(d)—it is appropriate to allow litigation to proceed in its initial forum if no prejudice to the estate results, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d) (internal citations omitted)).

18. This Court considers three factors when balancing the competing interests of a debtor and a movant seeking relief from the automatic stay: (1) the prejudice to the debtor if the

stay is lifted, (2) the balance of hardships facing the parties, and (3) the probability of success on the merits if the stay is lifted. *In re Continental Airlines,* 152 B.R. 420, 424 (D. Del. 1993).

19. Here, the facts weigh in Movants' favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because the Movants' claims will have to be liquidated at some point before Movants can receive any distribution in this bankruptcy proceeding. Further, as the Court is well aware, the Movants' claims against the Debtors for personal injury and wrongful death must be liquidated in a forum outside of the Bankruptcy Court. Section 157(b)(5) of Title 28 of the United States Code provides that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5); *see Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1157 n. 13, 1159 (3d Cir. 1989).

20. Moreover, Movants understand that the Debtors had commercial general liability insurance in place during the relevant time available to cover Movants' claims. To the extent that the Debtors' liability to the Movants is covered by insurance policies, any recovery by the Movants will not affect the Debtors' estates. *See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *on reconsideration,* 386 B.R. 548 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate") (quoting *In re Edgeworth*, 993 F.2d 51); *see also In re Allied Digital Tech. Corp.*, 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate of an insurance policy is not necessarily determinative of the ownership of the proceeds of that policy). To the extent that the Movants' claims are not covered by the Debtors' insurance, the Movants seek to liquidate, as opposed to

collect, their claims via the State Court Action. *In re Tricare Rehabilitation Systems, Inc.*, 181 B.R. 569, 578 (Bankr. N.D. Ala. 1994) (lifting the stay to liquidate, as opposed to collect); *In re Metzner*, 167 B.R. 414, 416 (E.D. La. 1994) (same).

21. Second, the Movants will face substantial hardship if the stay is not lifted. The Movants are residents of Texas and the conduct giving rise to the claims asserted in the Petition occurred in Texas. The relevant documents, witnesses, and physical artifacts are located in Texas. If the Movants are forced to litigate their claims in Delaware, they would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. For this reason, the *Rexene Products* court stated that

> It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Rexene Products*, 141 B.R. at 576

22. Moreover, if Movants are not permitted to liquidate their claims in the State Court Action, the litigation in Delaware will be before the United States District Court. 28 U.S.C. § 157(b)(5). Texas is the more appropriate forum for a trial governed by Texas medical negligence law. *See In re The Conference of African Union First Colored Methodist Protestant Church*, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code § 362(d)(1)."); *In the Matter of Baker*, 75 B.R. 120, 121 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues with which it had expertise).

23. By contrast, the Debtors will not suffer any meaningful hardship if the State Court Action is allowed to proceed. Movants' claims in the State Court Action are medical negligence claims, which should not present factual or legal issues that will impact or distract the Debtors

from their reorganization process. In addition, the Debtors have retained counsel in the State Court Action, who is presumably familiar with the case and not involved with the reorganization process.

24. The final prong of the analysis is satisfied by "even a slight probability of success on the merits ... in an appropriate case." *In re Continental Airlines*, 152 B.R. at 425. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where ... the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

25. This prong also weighs in Movants' favor because Mr. Wilson's death was caused by negligent medical treatment while he was a patient at Houston Methodist West Hospital, under the care of West Houston and A.H. DO, among other defendants. West Houston's and A.H. DO's negligent treatment of Mr. Wilson is apparent given that (i) Mr. Wilson's attending physician did check on Mr. Wilson until after a Code Blue was called, which was nearly three hours after he was admitted and 2 ½ hours after Mr. Wilsons chest x-ray showed a tortuous thoracic aorta.

26. On these facts, cause exists to lift the stay. *Cf. In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim); *In the Matter of Rexene Products, Inc.*, 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

**Conclusion**

WHEREFORE, the Movants respectfully request the entry of an Order, substantially in the form of the proposed order attached hereto as **Exhibit B**, modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow the Movants to (i) prosecute the State Court Action to judgment or other resolution, (ii) seek satisfaction of any judgment or settlement from the proceeds of any insurance coverage available to the Debtors applicable to the Movants' claims in the first instance, and (iii) seek to recover any portion of the claim not satisifed from insurance proceeds through the bankruptcy claims resoluton process.

| | |
|---|---|
| Dated: November 21, 2023<br>Wilmington, Delaware | **SULLIVAN · HAZELTINE · ALLINSON LLC**<br><br>*William A. Hazeltine*<br>William A. Hazeltine (No. 3294)<br>919 North Market Street, Suite 420<br>Wilmington, DE 19801<br>Tel: 302.428.8191<br>Fax: 302.428.8195<br>Email: whazeltine@sha-llc.com<br><br>*Attorneys for Movants* |