IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | (Chapter 11) |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*, | Case No. 23-11469 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 501 |

**JOINDER TO DEBTORS' FIRST OMNIBUS
OBJECTION (SUBSTANTIVE) TO EMPLOYEE LIEN CLAIMS**

Goldman Sachs Specialty Lending Group, L.P., as the administrative agent for the prepetition lenders (the "Agent") on behalf of its undersigned counsel hereby submits this joinder (the "Joinder") to the *Debtors' First Omnibus Objection (Substantive) to Employee Lien Claims* [Docket No. 501] (the "Objection")[1] and respectfully represents as follows:

**STATEMENT**

1. The Agent joins in all arguments made in the Objection.

2. The Employee Lien Claimants assert secured claims for unpaid severance and retention payments under Tenn. Code Ann. ("T.C.A.") §66-13-101. For the reasons set forth in more detail in the Objection, the Employee Lien Claims should be classified as mere general unsecured claims and should not be afforded secured status under Tennessee law.

3. The Employee Lien Claimants have taken no steps to properly perfect or file suit to enforce on their purported liens within the three-month lookback period as required by the T.C.A. Put simply, Tennessee wage law does not provide an employee proponent an unlimited lien right, but only provides a lien upon amounts that have accrued within three months and for which

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

a suit is actively being brought to enforce such lien. Thus, the Employee Lien Claimants as an initial matter are time-barred and unperfected with respect to any purported lien.

4. The Employee Lien Claimants have insinuated that they were unable to bring suit to enforce their liens under the T.C.A. because of these chapter 11 cases and the resulting automatic stay. That assertion lacks merit. *First*, there were approximately two months in between the termination of the Employee Lien Claimants' employment (or voluntary departure) and the filing of these cases. No suit was brought to enforce the Employee Lien Claimants' purported liens during this period. *Second*, it has been another approximately two months since the filing of these cases, of which the Employee Lien Claimants have had sufficient notice since they filed a limited objection on October 11, 2023. Despite this time lapse and active participation in these cases, the Employee Lien Claimants have not sought relief from the automatic stay to bring suit to assert their supposed liens or to seek to toll the three-month lookback period. The Employee Lien Claimants have done nothing to assert such liens (other than mention the supposed liens in a limited objection to the Debtors' use of cash collateral) and as a result cannot be afforded the protections of the T.C.A. that clearly require the filing of a suit for enforcement of a lien.

5. In addition, the Employee Lien Claimants assert claims for severance and retention (not unpaid wages), both of which are not for labor and services performed as required by the T.C.A., and the Employee Lien Claimants were in managerial and authoritative positions within the Debtors (with certain claimants holding incentive units of the Debtors). T.C.A. §66-13-101 is intended to protect common employees on account of their unpaid wages – not vice presidents and presidents for retention and severance payments.

6. Finally, (A) certain individuals (Crane, Keeton, and Youree) should be excluded from asserting liens because they voluntarily accepted other positions prior to termination with the

Debtors, and (B) other individuals (Crane and Gardner) should not be afforded protection under the T.C.A. because they were not employees or residents of Tennessee during their employment with the Debtors.

## **RESERVATION OF RIGHTS**

7. The Agent expressly reserves the right to amend, modify and/or supplement this Joinder, to introduce evidence at any hearing with respect thereto, and to file additional supplemental objections and pleadings.

## **CONCLUSION**

8. For the reasons set forth above and in the Objection, the secured status alleged in the Employee Lien Claimants' proofs of claim should be DENIED and the Employee Lien Claims should be classified as general unsecured claims.

| | |
|---|---|
| Dated: November 30, 2023<br>Wilmington, Delaware | */s/ John H. Knight*<br>John H. Knight (No. 3848)<br>Zachary J. Javorsky (No. 7069)<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651-7700<br>Facsimile:   (302) 651-7701<br>Email:  knight@rlf.com<br>           javorsky@rlf.com<br><br>-and-<br><br>W. Austin Jowers (admitted *pro hac vice*)<br>**KING & SPALDING LLP**<br>1180 Peachtree Street, NE, Suite 1600<br>Atlanta, GA 30309<br>Telephone: (404) 572-4600<br>Email:  ajowers@kslaw.com<br><br>-and-<br><br>Lindsey Henrikson (admitted *pro hac vice*)<br>**KING & SPALDING LLP**<br>110 N. Wacker Dr, Suite 3800<br>Chicago, IL 60606<br>Telephone: (312) 995-6333<br>Email:  lhenrikson@kslaw.com<br><br>*Counsel to Goldman Sachs Specialty Lending* |