IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

AMERICAN PHYSICIAN
PARTNERS, LLC et al.,[1]

Debtors.

Chapter 11

Case No. 23-11469 (BLS)

(Jointly Administered)

## MOTION BY WANDA GRIFFIS AND EARLE GRIFFIS FOR RELIEF FROM THE AUTOMATIC STAY

Wanda Griffis and Earle Griffis (the "*Griffis*" or "*Movants*"), by and through their undersigned counsel, move this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code, Fed. R. Bankr. P. 4001 and Del. Bankr. L.R. 4001-1 to permit Movants to liquidate in state court their personal injury claims against Debtor APP of Florida ED, LLC ("*Debtor*") (Case No. 23-11479). In support hereof, Movants state:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested are 11 U.S.C. §§ 105(a) and 362(d), Fed. R. Bankr. P. 4001 and Del. L.R. 4001-1.

### RELIEF REQUESTED

4. Movants, creditors and personal injury claimants, seeks relief from the automatic stay for the sole purpose of liquidating their pending claims against Debtor and other non-debtor

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

1

third parties to finality in the case styled *Wanda Griffis and Earle Griffis v. Stephen M. Roberts, M.D. et al.*, Case No. 2023-CA-000004 (1st Jud. Cir., Santa Rosa, Cty, Florida) ("**Griffis Litigation**"). Movants do not seek to collect on any judgment against Debtor or its Estate except through the bankruptcy process or through payment from proceeds of any applicable insurance policies or non-debtors.

## PROCEDURAL BACKGROUND

5. On September 18-19, 2023 ("**Petition Date**"), Debtor and certain affiliated Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

6. The Debtors continue to operate the businesses and remain in possession of their estates. No trustee has been appointed.

## FACTUAL BACKGROUND

7. On January 4, 2023, Movants filed their complaint ("**Complaint**") commencing the Griffis Litigation pursuant to which Movants allege causes of action for medical negligence.

8. The Complaint alleges with specificity the factual bases for the causes of action alleged in the Complaint.

## ARGUMENT

9. Section 362 of the Bankruptcy Code provides:

> On request of party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … for cause . . . .

11 U.S.C. § 362(d).

10. The term "cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. A bankruptcy court is charged to review the totality of circumstances in

each particular case. *See In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997); *In re Trump Entertainment Resorts, Inc.*, 526 B.R. 116, 120 (Bankr. D. Del. 2015) ("Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr.D.Del.2007) (citing cases). Courts often follow the logic of the intent behind § 362(d)—it is appropriate to allow litigation to proceed in its initial forum if no prejudice to the estate results, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

11. Stay relief is especially appropriate in this case for two reasons. First, the underlying claims involve personal injury tort claims. This Court is without jurisdiction to liquidate or otherwise adjudicate the underlying claims. *See* 28 U.S.C. § 157(b)(2)(o). In addition, there is insurance providing coverage for the personal injury claims, and Movants may be willing to forgo their claims against the Debtor's estate if they can proceed against the Debtor's insurance policy proceeds.

12. Moreover, application of the three-pronged test outlined in *In re Continental Airlines*, 152 B.R. 420, 424 (D. Del. 1993) further reveals stay relief is appropriate in this case. *See also*, *Izzarelli v. Rexene Prods. Co.* (*In re Rexene Prods. Co.*), 141 B.R. 574, 576 (Bankr. D. Del. 1992); see *id*. The *Continental Airlines* analysis requires a court to look at: (1) prejudice to the debtor if the stay is lifted, (2) the balance of hardships facing the parties; and (3) the probability of the creditor prevailing on the merits if the stay is lifted.

13. Although *Continental Airlines* provides a useful template and starting point for analysis, the Court is not rigidly confined to its 3 prongs, because "cause" is a flexible concept. *In*

*re Trump Entertainment Resorts, Inc.*, 526 B.R. at 121.

14. Here, the factors weigh heavily in favor of Movants. First, the Debtors will not suffer prejudice should the stay be lifted because Movants' claims must be reduced to judgment at some point, and delay does not benefit either Movants or Debtor. For example, although Movants are willing to forgo a claim against the estate if they are allowed, now, to proceed with their claims in state court, Movants ahve filed a proof of claim that will need to be liquidated for claims administration purposes. Moreover, as noted above, Movants' claims for personal injury and wrongful death must be liquidated in a forum outside of the Bankruptcy Court.

15. Moreover, Movants understand that the Debtor had commercial general liability insurance in place during the relevant time available to cover Movants' claims. To the extent that Debtor's liability to Movants is covered by the insurance policies, any recovery of proceeds by Movants will not affect the Debtor's estate. *See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *on reconsideration,* 386 B.R. 548 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate") (internal citations omitted); *see also In re Allied Digital Tech. Corp.*, 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate of an insurance policy is not necessarily determinative of the ownership of the proceeds of that policy). To the extent that Movants' claims are not covered by Debtor's insurance, Movants seeks to liquidate, as opposed to collect, their claim via the Griffis Litigation against Debtor and other non-debtor third parties.

16. Second, Movants will face substantial hardship if the stay is not lifted. Movants are residents of Florida and the conduct giving rise to the claims asserted in the Complaint occurred in Florida. The relevant documents, witnesses and physical artifacts are located in Florida. If

Movants are forced to litigate their claims in Delaware, they will incur the increased expense of bringing attorneys, witnesses and physical evidence to Delaware. For this reason, the *Rexene Products* court stated that:

> It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Rexene Products*, 141 B.R. at 576.

17.    Conversely, Debtor does not have a pecuniary interest in the proceeds. Accordingly, it is not affected if Movants are able to satisfy any judgment in the Griffis Litigation against Debtor with insurance proceeds. Moreover, this is not a mass tort case where there is a real and cognizable "race for the proceeds" that would somehow impact the Debtors' ability to confirm a plan of reorganization. Indeed, the opposite is true. The Debtors are rocketing toward confirmation of their Plan and ultimately intend to pass off any liabilities to a liquidating trust. But the proceeds at issue here are not even a liability of the Estate at this point, as the insurance proceeds exist and are available to pay Movants without impact to the Debtor's estate.

18.    The final prong of the analysis is satisfied by "even a slight probability of success on the merits . . . in an appropriate case." *In re Continental Airlines*, 152 B.R. at 425. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where . . . the decision-making process should be related to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

19.    On these facts, cause exists to lift the stay. *Cf. In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim); *In re the Matter of Rexene Products, Inc.*, 141

B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

## CONCLUSION

WHEREFORE, Movants respectfully request the entry of an Order, substantially in the form of the proposed order attached hereto as "**Exhibit A**" modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movants to (i) prosecute their claims against Debtor and other non-debtor third parties in the Griffis Litigation to judgment or other resolution, (ii) seek satisfaction of any judgment or settlement from the proceeds of any insurance coverage available to Debtor applicable to Movants' claims in the first instance, and (iii) seek to recover any portion of the claim not satisfied from insurance proceeds through the bankruptcy claims resolution process and (iv) grant such other and further relief as this Court deems just and proper.

Dated: November 30, 2023.

/s/*Garvan F. McDaniel*
Garvan F. McDaniel, Esquire
DE Bar No. 4167
gfmcdaniel@dkhogan.com
HOGAN MCDANIEL
1311 Delaware Avenue
Wilmington, DE  19806
Telephone: (302) 656-7540
Telecopy: (302) 656-7599

*And*

James C. Moon, Esquire  
Florida Bar No. 938211  
jmoon@melandbudwick.com  
MELAND BUDWICK, P.A.  
3200 Southeast Financial Center  
200 South Biscayne Boulevard  
Miami, FL  33131  
Telephone: (305) 358-6363  
Telecopy: (305) 358-1221  

***Attorneys for Movant***