# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| AMERICAN PHYSICIAN PARTNERS, LLC et al.,[1] | Case No. 23-11469 (BLS) |
| Debtors. | (Jointly Administered) |

## MOTION BY STEVEN P. JORGENSEN, INDIVIDUALLY AS SURVIVING SPOUSE AND APPOINTED REPRESENTATIVE OF THE ESTATE OF CAROLYN JORGENSEN FOR RELIEF FROM THE AUTOMATIC STAY

Steven P. Jorgensen, Individually as Surviving Spouse and Appointed Representative of the Estate of Carolyn Jorgensen ("***Jorgensen***" **or** "***Movant***"), by and through his undersigned counsel, moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code, Fed. R. Bankr. P. 4001 and Del. Bankr. L.R. 4001-1 to permit Movant to liquidate in state court his personal injury claim against Debtor TruePartners Ranch Emergency Specialists, LLC ("***Debtor***") (Case No. 23-11526). In support hereof, Movant states:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested are 11 U.S.C. §§ 105(a) and 362(d), Fed. R. Bankr. P. 4001 and Del. L.R. 4001-1.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

1

**RELIEF REQUESTED**

4. Movant, a creditor and personal injury claimant, seeks relief from the automatic stay for the sole purpose of liquidating his pending claim against Debtor and other non-debtor third parties to finality. Movant does not seek to collect on any judgment against Debtor or its Estate except through the bankruptcy process or through payment from proceeds of any applicable insurance policies or non-debtors.

**PROCEDURAL BACKGROUND**

5. On September 18-19, 2023 ("*Petition Date*"), Debtor and certain affiliated Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

6. The Debtors continue to operate the businesses and remain in possession of their estates. No trustee has been appointed.

**FACTUAL BACKGROUND**

7. Prior to the Petition Date, a presuit action was commenced by Movant versus multiple defendants including Debtor as evidenced by the Notice of intent to Initiate Litigation for Medical Negligence and Wrongful Death ("*NOI*") dated February 24, 2023, to Debtor and others.[2]

8. The NOI presents a detailed account of the facts giving rise to the causes of action alleged by Movant against Debtor and third parties and advised of the proposed lawsuit alleging medical malpractice, wrongful death and vicarious liability.

**ARGUMENT**

9. Section 362 of the Bankruptcy Code provides:

On request of party in interest and after notice and a hearing, the court shall grant

---

[2] Debtor is in possession of the NOI, but a true and correct copy of the NOI will be presented to the Court at a hearing on this Motion or prior to the hearing if so ordered by the Court.

relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … for cause . . . .

11 U.S.C. § 362(d).

10. The term "cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. A bankruptcy court is charged to review the totality of circumstances in each particular case. *See In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997); *In re Trump Entertainment Resorts, Inc.*, 526 B.R. 116, 120 (Bankr. D. Del. 2015) ("Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr.D.Del.2007) (citing cases). Courts often follow the logic of the intent behind § 362(d)—it is appropriate to allow litigation to proceed in its initial forum if no prejudice to the estate results, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

11. Stay relief is especially appropriate in this case for two reasons. First, the underlying claims involve personal injury tort claims. This Court is without jurisdiction to liquidate or otherwise adjudicate the underlying claims. *See* 28 U.S.C. § 157(b)(2)(o). In addition, there is insurance providing coverage for the personal injury claims, and Movant may be willing to forgo a claim against the Debtor's estate if he can proceed against the Debtor's insurance policy proceeds.

12. Moreover, application of the three-pronged test outlined in *In re Continental Airlines*, 152 B.R. 420, 424 (D. Del. 1993) further reveals stay relief is appropriate in this case. *See also*, *Izzarelli v. Rexene Prods. Co.* (*In re Rexene Prods. Co.*), 141 B.R. 574, 576 (Bankr. D.

Del. 1992); see *id*. The *Continental Airlines* analysis requires a court to look at: (1) prejudice to the debtor if the stay is lifted, (2) the balance of hardships facing the parties; and (3) the probability of the creditor prevailing on the merits if the stay is lifted.

13.     Although *Continental Airlines* provides a useful template and starting point for analysis, the Court is not rigidly confined to its 3 prongs, because "cause" is a flexible concept. *In re Trump Entertainment Resorts, Inc.*, 526 B.R. at 121.

14.     Here, the factors weigh heavily in favor of Movant. First, the Debtors will not suffer prejudice should the stay be lifted because Movant's claims must be reduced to judgment at some point, and delay does not benefit either Movant or Debtor. For example, although Movant may be willing to forgo a claim against the estate if it he allowed, now, to proceed with his claims in state court, Movant has filed a proof of claim that will need to be liquidated for claims administration purposes. Moreover, as noted above, Movant's claims for personal injury and wrongful death must be liquidated in a forum outside of the Bankruptcy Court.

15.     Additionally, Movant understands that the Debtor had commercial general liability insurance in place during the relevant time available to cover Movant's claims. To the extent that Debtor's liability to Movant is covered by the insurance policies, any recovery of proceeds by Movant will not affect the Debtor's estate. *See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *on reconsideration,* 386 B.R. 548 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate") (internal citations omitted); *see also In re Allied Digital Tech. Corp.*, 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate of an insurance policy is not necessarily determinative of the ownership of the proceeds of that policy). To the extent that Movant's claims

are not covered by Debtor's insurance, Movant seeks to liquidate, as opposed to collect, his claim via its state court litigation against Debtor and other non-debtor third parties.

16.   Second, Movant will face substantial hardship if the stay is not lifted. Movant is a resident of Florida and the conduct giving rise to the claims asserted in the NOI occurred in Florida. The relevant documents, witnesses and physical artifacts are located in Florida. If Movant is forced to litigate his claims in Delaware, he will incur the increased expense of bringing attorneys, witnesses and physical evidence to Delaware. For this reason, the *Rexene Products* court stated that:

> It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Rexene Products*, 141 B.R. at 576.

17.   Conversely, Debtor does not have a pecuniary interest in the proceeds. Accordingly, it is not affected if Movant is able to satisfy any judgment in the state court against Debtor with insurance proceeds. Moreover, this is not a mass tort case where there is a real and cognizable "race for the proceeds" that would somehow impact the Debtors ability to confirm a plan of reorganization. Indeed, the opposite is true. The Debtors are rocketing toward confirmation of their Plan and ultimately intend to pass off any liabilities to a liquidating trust. But the proceeds at issue here are not even a liability of the Estate at this point, as the insurance proceeds exist and are available to pay Movant without impact to the Debtor's estate.

18.   The final prong of the analysis is satisfied by "even a slight probability of success on the merits . . . in an appropriate case." *In re Continental Airlines*, 152 B.R. at 425. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where . . . the decision-making process should be related to bodies other than [the

5

bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

19. On these facts, cause exists to lift the stay. *Cf. In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim); In re the Matter of Rexene Products, Inc., 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

## CONCLUSION

WHEREFORE, Movant respectfully requests the entry of an Order, substantially in the form of the proposed order attached hereto as "**Exhibit A**" modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movant to (i) prosecute his claims against Debtor and other non-debtor third parties in state court in Florida to judgment or other resolution, (ii) seek satisfaction of any judgment or settlement from the proceeds of any insurance coverage available to Debtor applicable to Movant's claims in the first instance, and (iii) seek to recover any portion of the claim not satisfied from insurance proceeds through the bankruptcy claims resolution process and (iv) grant such other and further relief as this Court deems just and proper.

Dated: November 30, 2023.

/s/Garvan F. McDaniel
Garvan F. McDaniel, Esquire
DE Bar No. 4167
gfmcdaniel@dkhogan.com
HOGAN MCDANIEL
1311 Delaware Avenue
Wilmington, DE  19806
Telephone: (302) 656-7540
Telecopy: (302) 656-7599

*And*

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, FL  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Attorneys for Movant**