# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| AMERICAN PHYSICIAN PARTNERS, LLC et al.,[1] | Case No. 23-11469 (BLS) |
| Debtors. | (Jointly Administered) |

## MOTION BY SHERRI LYN CIROTA, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARVIN CIROTA FOR RELIEF FROM THE AUTOMATIC STAY

Sherri Lyn Cirota, as Personal Representative of the Estate of Marvin Cirota ("***Cirota***" **or** "***Movant***"), by and through her undersigned counsel, moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code, Fed. R. Bankr. P. 4001 and Del. Bankr. L.R. 4001-1 to pursue enforcement of the terms of that certain settlement agreement and release dated August 30, 2023 (the "***Settlement Agreement***")[2] by and between Marvin Cirota, Emergency Specialists of Wellington, LLC (Case No. 23-11512) ("***Debtor***"), MAG Mutual Insurance Company ("***MAG Mutual***") and a doctor whose name will be kept confidential pursuant to the terms of the Settlement Agreement. In support hereof, Movant states:

### JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

[2] The Debtor is in possession of the Settlement Agreement; however, a copy of the Settlement Agreement is not attached hereto because the Settlement Agreement has a confidentiality clause preventing disclosure of the parties unless required to do so by a court of competent jurisdiction. The Settlement Agreement will be presented to the Court at the hearing on this Motion or prior to the hearing if and when directed to do so by the Court.

3. The statutory predicates for the relief requested are 11 U.S.C. §§ 105(a) and 362(d), Fed. R. Bankr. P. 4001 and Del. L.R. 4001-1.

## RELIEF REQUESTED

4. Movant, a creditor and personal injury claimant, seeks relief from the automatic stay for the sole purpose of enforcing the Settlement Agreement that resolved a pending state court litigation in the pre-suit stage between, among others, Movant and Debtor.

5. Pursuant to the terms of the Settlement Agreement, MAG Mutual was required to pay $600,000.00 ("**Settlement Amount**") (which is wholly comprised of insurance proceeds), to the account of Keller, Melchiorre & Walsh f/b/o Marvin Cirota within (20) twenty calendar days of receipt of an executed copy of the Settlement Agreement. However, as a result of Debtor and its affiliates filing for bankruptcy on September 18-19, 2023, Mag Mutual has refused to pay the Settlement Amount pursuant to the terms of the Settlement Agreement, claiming that since the insurance *policy* (as opposed to proceeds) belongs to the Debtor, it cannot disburse the Settlement Amount without authorization from this Court.

6. Accordingly, Movant respectfully requests an Order of this Court lifting the automatic stay to the extent the Court determines the automatic stay is applicable, to allow Movant to proceed with enforcement of the Settlement Agreement by pursuing non-debtor MAG Mutual for damages incurred by Movant as a result of non-debtor MAG Mutual's breach of the Settlement Agreement by failing to pay the Settlement Amount when due.

## PROCEDURAL BACKGROUND

7. On September 18-19, 2023, Debtor and certain affiliated Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

8. The Debtors continue to operate the businesses and remain in possession of their

estates. No trustee has been appointed.

## THE SETTLEMENT AGREEMENT AND RELEASE

9. On August 30, 2023, Marvin Cirota ("***Releasor***"), Debtor, MAG Mutual and a doctor whose name is withheld ("***Releasees***") entered into the Settlement Agreement.

10. Pursuant to the terms of the Settlement Agreement, in consideration of the amounts, payments and conditions of the Settlement Agreement, Releasor released and discharged the Releasees.

11. The Settlement Amount is comprised of insurance proceeds from Debtor's insurance policy with MAG Mutual. A true and correct copy of the insurance policy is attached hereto as "**Exhibit A**."

## ARGUMENT

12. Section 362 of the Bankruptcy Code provides:

> On request of party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … for cause . . . .

11 U.S.C. § 362(d).

13. The term "cause" is not defined in the Bankruptcy Code and must be determined based on a case by case basis. A bankruptcy court is charged to review the totality of circumstances in each particular case. *See In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997); *In re Trump Entertainment Resorts, Inc.*, 526 B.R. 116, 120 (Bankr. D. Del. 2015) ("Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr.D.Del.2007) (citing cases)).

14. In a Section 362(d)(1) analysis, as a starting point, the Court can look to the three-pronged test outlined in *In re Continental Airlines*, 152 B.R. 420, 424 (D. Del. 1993). *See also*, *Izzarelli v. Rexene Prods. Co.* (*In re Rexene Prods. Co.*), 141 B.R. 574, 576 (Bankr. D. Del. 1992); see *id*. The Continental Airlines analysis requires a court to look at: (1) prejudice to the debtor if the stay is lifted, (2) the balance of hardships facing the parties; and (3) the probability of the creditor prevailing on the merits if the stay is lifted.

15. Although *Continental Airlines* provides a useful template and starting point for analysis, the Court is not rigidly confined to its 3 prongs, because "cause" is a flexible concept. *In re Trump Entertainment Resorts, Inc.*, 526 B.R. at 121.

16. Here, the factors weigh heavily in favor of Movant. First, the Debtors will not suffer prejudice should the stay be lifted because, unlike many motions to lift stay to pursue state court litigation to judgment (some filed in this case), there is no need to pursue pending state court litigation because the personal injury claims of Movant were fully settled by Debtor and other parties in the Settlement Agreement prior to the Petition Date. All that was pending prior to Debtor's bankruptcy filing was for non-Debtor MAG Mutual to release the insurance proceeds and pay the Settlement Amount. Importantly, MAG Mutual is a non-debtor signatory to the Settlement Agreement as is obligated to perform its obligations under the Settlement Agreement as are all other non-debtor parties to the Settlement Agreement.

17. Importantly, since MAG Mutual has failed to pay the Settlement Amount, Movant was obliged to file a proof of claim against the estate in the amount of $600,000 plus interest, fees and costs for breach of contract. Ultimately, Debtor is obligated pursuant to the terms of the Settlement Agreement as well. Accordingly, having MAG Mutual fulfill its obligation to pay the insurance proceeds to Movant will have the added benefit of reducing a claim against the Debtor's

estate. Put differently, Movant will not pursue a claim against the Debtor's estate if MAG Mutual simply complies with its obligations under the Settlement Agreement.

18. The MAG Mutual policy at issue is attached to this Motion as "Exhibit A". It clearly does not provide for payment to Debtor of any insurance proceeds payable to third parties like Movant. As such, recovery by Movant will have no pecuniary effect on Debtor's estate. *See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), on reconsideration, 386 B.R. 548 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate") (internal citation omitted); *see also In re Allied Digital Tech. Corp.*, 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate of an insurance policy is not necessarily determinative of the ownership of the proceeds of that policy).

19. Second, the balance of hardships clearly favors Movant. Already deprived of her father as a result of Debtor and its doctor employee's negligence, Movant has an immediate need for the policy proceeds already agreed to be paid by the parties in order to move on with her life. While no sum of money will assuage the loss of a loved one, the Settlement Amount in this case at least provides Movant with the ability to settle the affairs of Mr. Cirota and provide at least some compensation for her deeply felt loss.

20. Conversely, Debtor does not have a pecuniary interest in the proceeds. Accordingly, it is not affected if MAG Mutual fulfills its obligations under the Settlement Agreement and pays the Settlement Amount. Moreover, this is not a mass tort case where there is a real and cognizable "race for the proceeds" that would somehow impact the Debtors ability to confirm a plan of reorganization. Indeed, the opposite is true. The Debtors are rocketing toward

confirmation of their Plan and ultimately intend to pass off any liabilities to a liquidating trust. But the proceeds at issue here are not even a liability of the estate at this point, as the insurance proceeds exist and are available to pay Movant without impact to the Debtor's estate.

21.     Finally, the third prong of whether Movant would have a probability of success on the merits is not applicable here. The Parties to the Settlement Agreement resolved personal injury claims that were still in the presuit phase of litigation. As such, it is irrelevant whether Movant would have succeeded on the merits of the personal injury claims, because the matter was resolved via the Settlement Agreement.

## CONCLUSION

WHEREFORE, Movant respectfully requests the entry of an Order, substantially in the form of the proposed order attached hereto as "**Exhibit B**" modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movant to enforce the terms of the Settlement Agreement against non-Debtor MAG Mutual and have it pay the Settlement Amount to Movant, and grant such other and further relief as this Court deems just and proper.

Dated: November 30, 2023.

/s/Garvan F. McDaniel
Garvan F. McDaniel, Esquire
DE Bar No. 4167
gfmcdaniel@dkhogan.com
HOGAN MCDANIEL
1311 Delaware Avenue
Wilmington, DE  19806
Telephone: (302) 656-7540
Telecopy: (302) 656-7599

*And*

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, FL  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

***Attorneys for Movant***