IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) ) | Case No. 23-11469 (BLS) |
| Debtors | ) ) | (Jointly Administered) |

Hearing Date: December 14, 2023 at 10:00 a.m.

Related Docket No. 469

**LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF AMERICAN PHYSICIAN PARNTERS, LLC AND ITS AFFILIATED DEBTORS UNDER CHAPER 11 OF THE BANKRUPTCY CODE**

AND NOW come, Penn Krause, Mary Ann Smokler, Ben Youree, Daniel Crane, Aaron Kidd, Isaac Palmer, Jr., Tressa Gardner, Benjamin Ross, Tracy Young, Joe White, Wendi Keeton and Liz Harris (collectively referred to as the "Employee Objectors"), by and through their undersigned counsel, and file the following **LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTOR'S AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF AMERICAN PHYSICIAN PARNTERS, LLC AND ITS AFFILIATED DEBTORS UNDER CHAPER 11 OF THE BANKRUPTCY CODE**, and in support thereof, states as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

## Background

1. American Physician Partners, LLC, et al. (hereinafter "Debtor" or "APP") commenced this Bankruptcy Case on September 18, 2023.

2. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of Bankruptcy Code.

3. On November 9, 2023, the Debtor filed in Amended Chapter 11 Combined Plan and Disclosure Statement (hereinafter the "Plan").

## Facts

4. In 2022, APP experienced an external change in its business model and it faced a possible exodus of key employees. To implement its plan of survival, APP entered severance agreements with executive level employees, including the Employee Objectors.

5. In 2023, the situation was becoming more critical, and APP decided to provide an additional incentive to induce the Employee Objectors to continue working for the Debtor despite its ongoing issues. Many key employees were promised retention bonuses to continue working.

6. Each of the Employee Objectors signed a severance agreement. The following Employee Objectors also signed a retention bonus: Aaron Kidd, Elizabeth Harris, Tracy Young, Wendi Keeton, Mary Smokler, Benjamin Ross, Benjamin Youree, John Krause, Isaac Palmer, and Joseph White.

7. The total amount owed to Employee Objectors under the severance agreements and retention bonuses has been calculated to be $4,268,201.00.

**Objection**

8. The Debtor's Plan fails to provide for the secured claim of the Employee Objectors.

9. Pursuant to Tennessee Law, the amounts owed to the Employee Objectors were secured by a statutory lien on all the Property of the Debtor.

10. Tenn. Code Ann. §66-13-101 states:

> All employees and laborers of any corporation, or firm, carrying on any corporate or partnership business **shall have a lien upon the corporate or firm property of every character and description, for any sums due them for labor and service performed for the corporation or firm, and such lien shall prevail over all other liens**, except the vendor's lien or the lien of a mortgage, or deed of trust to secure purchase money.

(Emphasis Added).

11. Additionally, the Employee Objectors Lien is superior to that of other claimants. Tenn. Code Ann. §66-13-103 states:

> No corporation or partnership doing business in this state shall have the power to execute a mortgage or deed of trust or other instrument creating a lien upon the property of the corporation prior to that in favor of the employees and laborers, except to secure purchase money.

12. Therefore, on the petition date, the Employee Objectors had a first position lien in all of the assets of the Debtor in the amount of their claim. This lien would include liens on the Debtor's accounts receivable deposit accounts, cash and cash equivalents, and all other such property that constitutes cash collateral pursuant to 11 U.S.C. §363(a).

13. The Employee Objectors filed Proofs of Claim with the Court, which have been objected to by the Debtor and certain Prepetition Secured Lenders (the "claim objections"), as defined in the Plan.

14. Those claim objections are pending before the Court and are subject to an agreed upon briefing schedule.

15. However, the Plan does not provide for proper treatment of the Employee Objectors should the claim objection be denied.

16. The Employee Objectors should be treated as a separate class under the Plan with a first position security interest in all the assets of the Debtor. Specifically, the lien position of the Employee Objectors is superior to that of the Prepetition Secured Lenders.

17. Rather than provide for that treatment, the Plan provides the Prepetition Secured Lenders with a lien of higher priority than that of the Employee Objectors.

18. In fact, it is unclear what class the Employee Objectors are a part of under the proposed Plan and it appears as though the Employee Objectors are simply being treated as unsecured creditors. The Employee Objectors have filed ballots rejecting the Plan.

19. As such, the Employee Objectors file this limited objection to the Plan as the Plan does not provide for the payment of their claim should the Court overrule the claim objections.

WHEREFORE, the Debtor respectfully requests that this Honorable Court not confirm the Debtor's proposed Plan.

| | |
|---|---|
| Date: December 7, 2023<br>Wilmington, DE | **SULLIVAN · HAZELTINE · ALLINSON LLC**<br><br>*/s/ William D. Sullivan*<br>William D. Sullivan (No. 2820)<br>William A. Hazeltine (No. 3294)<br>919 North Market Street, Suite 420<br>Wilmington, DE 19801<br>Tel: (302) 428-8191<br>Email: bsullivan@sha-llc.com<br><br>and<br><br>*/s/ David L. Fuchs*<br>David L. Fuchs, Esq.<br>Fuchs Law Office, LLC<br>554 Washington Ave., First Floor<br>Carnegie, PA 15106<br>Tel: (412) 223-5404<br>dfuchs@fuchslawoffice.com<br><br>and<br><br>Thomas J. Farnan, Esq.<br>Farnan Law<br>700 River Avenue, Suite 312<br>Pittsburgh, PA 15212<br>Tel: 412-638-3600<br>tfarnanlaw@gmail.com<br><br>*Attorneys for Certain Former Employees* |