**<u>Exhibit 1</u>**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) | Case No. 23-11469 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION BETWEEN DEBTORS AND SHERRI LYN CIROTA, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARVIN CIROTA, REGARDING RELIEF FROM AUTOMATIC STAY**

This Stipulation (the "Stipulation") by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Sherri Lyn Cirota, as Personal Representative of the Estate of Marvin Cirota ("Plaintiff") to modify the automatic stay pursuant to the terms of this Stipulation.

IT IS HEREBY STIPULATED by all parties to the above-captioned matter as follows:

WHEREAS, on September 18, 2023 and continuing on September 19, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, prior to the Petition Date, on August 30, 2023, Sherri Lyn Cirota, as Personal Representative of the Estate of Marvin Cirota ("Plaintiff") entered into a settlement agreement (the "Settlement Agreement") with Debtor Emergency Specialists of Wellington, LLC, MAG Mutual

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.
.

Insurance Company ("MAG Mutual") and a doctor whose name will be kept confidential pursuant to the terms of the Settlement Agreement.

WHEREAS, on November 30, 2023, Plaintiff filed a motion for relief from the automatic stay in the Bankruptcy Court [Docket No. 518] (the "Stay Relief Motion").

WHEREAS, the Debtors and Plaintiff (together, the "Parties") have discussed a modification of the automatic stay permitting Plaintiff and MAG Mutual to proceed with disbursement of funds and consummating the Settlement Agreement.

NOW, THEREFORE, the parties agree, subject to approval of the Court, as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The automatic stay under 11 U.S.C. § 362 is modified to permit Plaintiff and MAG Mutual to proceed with disbursement of funds and consummating the Settlement Agreement.

3. Plaintiff agrees and acknowledges that (1) any recovery arising under the Settlement Agreement with respect to the Debtors or their estates is limited to funds made available from applicable insurance policies, if any, and not from the Debtors or their estates, (2) to the extent that applicable insurance policies, if any, do not satisfy any judgment or settlement pursuant to the Settlement Agreement, for any reason, neither the Debtors, their estates, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 11 cases, and Plaintiff shall not seek to collect on any such unsatisfied portion from the Debtors, their estates, or any of their successors, whether through filing a proof of claim or otherwise, and (3) Plaintiff agrees to hold the Debtors and their estates harmless with respect to any claim that may be asserted by any insurance carrier on account of any deductible or self-insured retention that must be satisfied prior to the payment

to Plaintiff of any judgment or settlement by setting off any recovery by the amount of any such deductible or self-insured retention.

4.  Plaintiff agrees that any proof of claim filed by Plaintiff or scheduled in favor of Plaintiff in connection with Settlement Agreement or claims any held or asserted or unasserted by Plaintiff against the Debtors, their estates, or their successors in these chapter 11 cases, if any, are, by entry of this Stipulation, deemed disallowed and reflected as such on the official claims register, and the Debtors' claims and noticing agent may make appropriate adjustments to the official claims register, and Plaintiff agrees to waive the right to any distribution in these chapter 11 cases.

5.  Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable insurance policy; (iii); creates or permits a direct right of action by Plaintiff against any insurers; or (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy.

6.  The Parties shall cooperate with one another to seek Bankruptcy Court approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an order approving this Stipulation.

7.  Upon entry of an order approving this Stipulation, the Stay Relief Motion shall be deemed resolved.

8. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise, except as otherwise provided in this Stipulation.

9. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

10. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

11. This Stipulation may be executed in multiple counter parts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

12. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

13. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

ACCEPTED AND AGREED TO:

Dated: December 12, 2023    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100

        Facsimile:   302-652-4400
        Email:  ljones@pszjlaw.com
                dbertenthal@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com

*Counsel for Debtors and Debtors in Possession*

Dated: December 12, 2023        MELAND BUDWICK, P.A.

*/s/ James C. Moon*

James C. Moon, Esq.
3200 Southeast Financial Center
200 S. Biscayne Blvd. Miami, Florida 33131
Tel: (305) 358-6363
jmoon@melandbudwick.com

*Counsel for Plaintiff*