## Exhibit 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,[1] | ) Case No. 23-11469 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**STIPULATION BETWEEN DEBTORS AND STEVEN P. JORGENSEN,**
**INDIVIDUALLY AS SURVIVING SPOUSE AND APPOINTED REPRESENTATIVE OF**
**THE ESTATE OF CAROLYN JORGENSEN REGARDING RELIEF FROM**
**AUTOMATIC STAY**

This Stipulation (the "Stipulation") by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Steven P. Jorgensen, individually as surviving spouse and appointed representative of the estate of Carolyn Jorgensen ("Plaintiff"), to modify the automatic stay pursuant to the terms of this Stipulation.

IT IS HEREBY STIPULATED by all parties to the above-captioned matter as follows:

WHEREAS, on September 18, 2023 and continuing on September 19, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, prior to the Petition Date, Plaintiff commenced a presuit action against multiple defendants, including Debtor TruePartners Ranch Emergency Specialists, LLC

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.
.

("TruePartners"), as evidenced by the Notice of intent to Initiate Litigation for Medical Negligence and Wrongful Death ("NOI") dated February 24, 2023.

WHEREAS, on November 30, 2023, Plaintiff filed a motion for relief from the automatic stay in the Bankruptcy Court [Docket No. 514] (the "Stay Relief Motion").

WHEREAS, the Debtors and Plaintiff (together, the "Parties") have discussed a modification of the automatic stay to permit Plaintiff to proceed with litigation against TruePartners ("Jorgensen Litigation") as a nominal defendant in a court of competent jurisdiction to recover from the proceeds of applicable insurance only and to resolve the Stay Relief Motion.

NOW, THEREFORE, the parties agree, subject to approval of the Court, as follows:

1.      The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2.      The automatic stay under 11 U.S.C. § 362 is modified to permit Plaintiff to proceed with the Jorgensen Litigation to recover from the proceeds of applicable insurance only.

3.      Plaintiff agrees and acknowledges that (1) any recovery arising from the Jorgensen Litigation with respect to the Debtors or their estates is limited to funds made available from applicable insurance policies, if any, and not from the Debtors or their estates, (2) to the extent that an applicable insurance policies, if any, do not satisfy any judgment or settlement pursuant to the Jorgensen Litigation, for any reason, neither the Debtors, their estates, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 11 cases, and Plaintiff shall not seek to collect on any such unsatisfied portion from the Debtors, their estates, or any of their successors, whether through filing a proof of claim or otherwise, and (3) Plaintiff agrees to hold the Debtors and their estates harmless with respect to any claim that may be asserted by any insurance carrier on account of any

deductible or self-insured retention that must be satisfied prior to the payment to Plaintiff of any judgment or settlement by setting off any recovery by the amount of any such deductible or self-insured retention.

4. Plaintiff agrees that any proof of claim filed by Plaintiff or scheduled in favor of Plaintiff in connection with the NOI or claims any held or asserted or unasserted by Plaintiff against the Debtors, their estates, or their successors in these chapter 11 cases, if any, are, by entry of this Stipulation, deemed disallowed and reflected as such on the official claims register, and the Debtors' claims and noticing agent may make appropriate adjustments to the official claims register, and Plaintiff agrees to waive the right to any distribution in these chapter 11 cases.

5. Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable insurance policy; (iii); creates or permits a direct right of action by Plaintiff against any insurers; or (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy.

6. The Parties shall cooperate with one another to seek Bankruptcy Court approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an order approving this Stipulation.

7. Upon entry of an order approving this Stipulation, the Stay Relief Motion shall be deemed resolved.

8.      By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise, except as otherwise provided in this Stipulation.

9.      Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

10.     Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

11.     This Stipulation may be executed in multiple counter parts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

12.     The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

13.     The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.


ACCEPTED AND AGREED TO:

Dated:  December 12, 2023                    PACHULSKI STANG ZIEHL & JONES LLP

                                             */s/ Peter J. Keane*
                                             Laura Davis Jones (DE Bar No. 2436)
                                             David M. Bertenthal (CA Bar No. 167624)
                                             Timothy P. Cairns (DE Bar No. 4228)
                                             Peter J. Keane (DE Bar No. 5503)
                                             919 North Market Street, 17th Floor
                                             P.O. Box 8705
                                             Wilmington, Delaware 19899-8705 (Courier 19801)
                                             Telephone:  302-652-4100

Facsimile:  302-652-4400
Email: ljones@pszjlaw.com
   dbertenthal@pszjlaw.com
   tcairns@pszjlaw.com
   pkeane@pszjlaw.com

*Counsel for Debtors and Debtors in Possession*

Dated: December 12, 2023   HOGAN MCDANIEL

*/s/ Garvan F. McDaniel*
Garvan F. McDaniel, Esquire
DE Bar No. 4167
gfmcdaniel@dkhogan.com
1311 Delaware Avenue
Wilmington, DE 19806
Telephone: (302) 656-7540
Telecopy: (302) 656-7599

and

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Counsel for Plaintiff*