**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| AMERICAN PHYSICIAN | ) Case No. 23-11469 (BLS) |
| PARTNERS, LLC, et al.,[1] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Hearing Date: January 5, 2024 at 10:00 a.m.** |
| | ) **Objection Deadline: December 29, 2023 at 4:00 p.m**. |
| | ) |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. §362(d) TO PERMIT PROSECUTION AND LIQUIDATION**
**OF PERSONAL INJURY AND LOSS-OF-CONSORTIUM LAWSUIT/CLAIMS**

Come now the Movants, Sandra Ezell and Ronnie Ezell (the "Ezells"), by and through counsel, and respectfully move for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code, Fed. R. Bankr. P. 4001 and Del. Bankr. L.R. 4001-1 to permit Movants to prosecute and liquidate their personal injury/loss-of-consortium claims against certain Debtors, namely, American Physician Partners, LLC, APP Of Kentucky ED, PLLC, APP of Kentucky HM, PLLC, APP of Western Kentucky ED, PLLC, Elite Emergency Services of Kentucky, PLLC, and Little River Emergency Physicians, PLLC (hereinafter "the Debtors"). In support of said Motion, the Ezells state as follows:

**JURISDICTION**

1. This Court has jurisdiction over their motion under 28 U.S.C. §157 and 1334. This is a core proceeding as defined in 28 U.S.C. §1574(b)(2).

2. Venue is proper under 28 U.S.C. §§1408 and 1409.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way Suite 300 Brentwood, TN 37027.

1

3. The statutory predicates for the relief requested are 11 U.S.C. §§ 105(a) and 362(d), Fed. R. Bankr. P. 4001 and Del. L.R. 4001-1.

## RELIEF REQUESTED

4. Movants, creditors, and personal injury claimants, seek relief from the automatic stay for the sole purpose of liquidating their pending claims against Debtor and other non-debtor third parties to finality in the suit filed in Christian Circuit Court in Christian County, Kentucky, No. 20-CI-00813 against the Debtors, (the "Ezell Litigation"). Movants seek relief from the automatic stay to the extent of available insurance and seek to proceed against the Debtors as nominal Defendants for the purpose of establishing Debtors' liability. *Mauriello v. Great Amer. E. and S. Ins. Co.*, 554 Fed. Appx. 382, 384 (6th Cir. 2014) (collecting cases); *see also Matter of Fernstrom Storage & Van Co.*, 938 F. 2d 737 (7th Cir. 1991; *In re Lee*, 172 B.R. 47 (W.D. Ark. 1994). Movants do not seek to collect on any judgment against Debtor or its Estate except through the bankruptcy process or through payment from proceeds of any applicable insurance policies or through non-debtors.

## PROCEDURAL BACKGROUND

5. On September 18, 2023, the Debtors filed for relief under Chapter 11 of the Bankruptcy Code.

6. The Debtors continue to operate the businesses and remain in possession of their estates. No trustee has been appointed.

7. By provisions of 11 U.S.C. §362, all persons are enjoined and stayed from commencing or continuing a lawsuit against a debtor.

8.     On October 21, 2020, the Ezells filed suit in Christian Circuit Court in Christian County, Kentucky, No. 20-CI-00813 against the Debtors.

## ARGUMENT

9.     Section 362 of the Bankruptcy Code provides:

> On request of party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … for cause . . . .

11 U.S.C. § 362(d).

10.     The term "cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. A bankruptcy court is charged to review the totality of circumstances in each particular case. *See In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997); *In re Trump Entertainment Resorts, Inc.*, 526 B.R. 116, 120 (Bankr. D. Del. 2015) ("Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr.D.Del.2007) (citing cases). Courts often follow the logic of the intent behind § 362(d)—it is appropriate to allow litigation to proceed in its initial forum if no prejudice to the estate results, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

11.     Stay relief is especially appropriate in this case for two reasons. First, the underlying claims involve personal injury tort claims. This Court is without jurisdiction to liquidate or otherwise adjudicate the underlying claims. *See* 28 U.S.C. § 157(b)(2)(o). In addition, there is insurance providing coverage for the personal injury claims, and Movants may be willing

3

to forgo their claims against the Debtor's estate if they can proceed against the Debtor's insurance policy proceeds.

12. Moreover, application of the three-pronged test outlined in *In re Continental Airlines*, 152 B.R. 420, 424 (D. Del. 1993) further reveals stay relief is appropriate in this case. *See also*, *Izzarelli v. Rexene Prods. Co.* (*In re Rexene Prods. Co.*), 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see id*. The *Continental Airlines* analysis requires a court to look at: (1) prejudice to the debtor if the stay is lifted, (2) the balance of hardships facing the parties; and (3) the probability of the creditor prevailing on the merits if the stay is lifted.

13. Although *Continental Airlines* provides a useful template and starting point for analysis, the Court is not rigidly confined to its 3 prongs, because "cause" is a flexible concept. *In re Trump Entertainment Resorts, Inc.*, 526 B.R. at 121.

14. Here, the factors weigh heavily in favor of Movants. First, the Debtors will not suffer prejudice should the stay be lifted because Movants' claims must be reduced to judgment at some point, and delay does not benefit either Movants or Debtor. Movants have filed proofs of claim that will need to be liquidated for claims administration purposes. Moreover, as noted above, Movants' claims for personal injury and wrongful death must be liquidated in a forum outside of the Bankruptcy Court.

15. Moreover, Movants understand that the Debtor had commercial general liability and/or professional liability insurance in place during the relevant time available to cover Movants' claims. To the extent that Debtor's liability to Movants is covered by the insurance policies, any recovery of proceeds by Movants will not affect the Debtor's estate. *See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *on reconsideration,* 386 B.R. 548 (Bankr. D. Del.

2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate") (internal citations omitted); *see also In re Allied Digital Tech. Corp.*, 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate of an insurance policy is not necessarily determinative of the ownership of the proceeds of that policy). To the extent that Movants' claims are not covered by Debtor's insurance, Movants seek to liquidate, as opposed to collect, their claim via the litigation against Debtor and other non-debtor third parties.

16.     Second, Movants will face substantial hardship if the stay is not lifted. Movants are residents of Kentucky and the conduct giving rise to the claims asserted in the Complaint occurred in Kentucky. The relevant documents, witnesses, and physical evidence are located in Kentucky. If Movants are forced to litigate their claims in Delaware, they will incur the increased expense of bringing attorneys, witnesses and physical evidence to Delaware. For this reason, the *Rexene Products* court stated that:

> It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Rexene Products*, 141 B.R. at 576.

17.     Conversely, Debtor does not have a pecuniary interest in the proceeds. Accordingly, it is not affected if Movants are able to satisfy any judgment in the Ezell Litigation against Debtor with insurance proceeds. Moreover, this is not a mass tort case where there is a real and cognizable "race for the proceeds" that would somehow impact the Debtors' ability to confirm a plan of reorganization. Indeed, the opposite is true. The Debtors are rocketing toward confirmation of their Plan and ultimately intend to pass off any liabilities to a liquidating trust. But

the proceeds at issue here are not even a liability of the Estate at this point, as the insurance proceeds exist and are available to pay Movants without impact to the Debtor's estate.

18. The final prong of the analysis is satisfied by "even a slight probability of success on the merits . . . in an appropriate case." *In re Continental Airlines*, 152 B.R. at 425. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where . . . the decision-making process should be related to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

19. On these facts, cause exists to lift the stay. *Cf. In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim); *In re the Matter of Rexene Products, Inc.*, 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

20. "Further, it is 'well settled' that a tort victim may sue a debtor as a nominal defendant after the debtor is discharged from bankruptcy, as long as the suit is purposed solely to establish the debtor's liability in order to effect recovery from an insurer." <u>Mauriello</u>, 554 Fed. Appx., at 384. "This approach is grounded in the rationale that 'it makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge.'" <u>Id</u>. (quoting *Matter of Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993)) (and collecting cases).

21. Movants seek from the Debtors a determination of liability. "This determination will neither deplete the debtor's assets or otherwise interfere with the administration of the

bankruptcy proceeding, nor hinder the debtor's fresh start at the close of the proceeding. Rather it will operate only as 'a prerequisite to recovery against another entity.'" *Matter of Fernstrom*, 938 F. 2d at 734 (citation omitted).

## CONCLUSION

WHEREFORE, Movants respectfully request the entry of an Order, substantially in the form of the proposed order attached hereto as "**Exhibit A**" modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movants to (i) prosecute their claims against Debtor and against other non-debtor third parties in the Ezell Litigation to judgment or other resolution, (ii) seek satisfaction of any judgment or settlement from the proceeds of any insurance coverage available to Debtor applicable to Movants' claims in the first instance, and (iii) seek to recover any portion of the claim not satisfied from insurance proceeds through the bankruptcy claims resolution process and (iv) grant such other and further relief as this Court deems just and proper.

Dated: December 21, 2023              */s/Daniel K. Hogan*
                                                           Daniel K. Hogan (DE Bar #2814)
                                                           HOGAN MCDANIEL
                                                           1311 Delaware Avenue
                                                           Wilmington, DE  19806
                                                           Telephone: (302) 656-7540
                                                           Telecopy: (302) 656-7599
                                                           Email: dan@dkhogan.com

                                                           *Counsel to the Ezells*