**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11469 (BLS)<br><br>(Jointly Administered) |

**STIPULATION BETWEEN THE DEBTORS AND PENDRICK CAPITAL
PARTNERS, LLC RESOLVING PREPETITION CLAIMS AND RELATED ISSUES**

The above-captioned debtors and debtors in possession (the "Debtors") and Pendrick Capital Partners, LLC ("Pendrick" and, collectively with the Debtors, the "Parties") hereby agree and stipulate (this "Stipulation") based on the following:

WHEREAS, on July 6, 2023, Pendrick commenced a lawsuit against American Physician Partners, LLC, in the Circuit Court for the City of Alexandria, Virginia, Case No. CL23001848, for breach of an Account Purchase Agreement dated August 19, 2020 (the "State Court Action").

WHEREAS, on September 13, 2023, default judgment was entered in the State Court Action in favor of Pendrick in the amount of $426,654.31, plus interest and attorneys' fees (the "Default Judgment").

WHEREAS, on September 18, 2023 and continuing on September 19, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the above-captioned court (the "Court");

WHEREAS, on September 19, 2023, the Debtors filed the *Motion of the Debtors Pursuant to Sections 105, 361, 362, 363, and 507 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2 for Interim and Final Orders (A) Authorizing Debtors to Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* [Docket No. 10] (the "Cash Collateral Motion");

WHEREAS, on October 11, 2023, Pendrick filed the *Objection of Pendrick Capital Partners, LLC to Motion of the Debtors Pursuant to Sections 105, 361, 362, 363, and 507 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2 for Interim and*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 5121 Maryland Way, Suite 300, Brentwood, TN 37027.

*Final Orders (A) Authorizing Debtors to use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* [Docket No. 108] on the basis that certain of the Debtors' assets are proceeds of accounts receivable purchased by Pendrick and therefore do not constitute property of the Debtors' estates;

WHEREAS, on November 2, 2023, the Court entered the *Final Order: (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling a Final Hearing and (IV) Granting Related Relief* [Docket No. 435] (the "Cash Collateral Order"), pursuant to which the Debtors were required to maintain a reserve in the amount of $384,476.07 on account of Pendrick's asserted claims (the "Pendrick Reserve");

WHEREAS, the Debtors have proposed the *Second Amended Combined Disclosure Statement and Plan of Liquidation of American Physician Partners, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code*, filed on January 2, 2024 [Docket No. 805] (as amended or supplemented, the "Plan"), and seek to address the status of the Pendrick Reserve; and

WHEREAS, the Parties have engaged in settlement discussions and negotiations, and now seek to settle, compromise, and resolve their disputes relating to the Pendrick Reserve and all prepetition claims asserted by Pendrick against the Debtors;

NOW, THEREFORE, in consideration of the foregoing recitals, each of which are true and which are incorporated into and made an integral part of this Stipulation, and the terms and conditions hereinafter set forth, the Parties hereby stipulate and agree as follows:

1. The "Effective Date" of this Stipulation shall be the date that the Court enters an order approving this Stipulation, which may be the entry of an order confirming the Plan.

2. Upon the Effective Date, Pendrick shall be entitled to cash payment in the amount of **$135,000** from the Pendrick Reserve. Such payment shall be made by the Debtors to Pendrick within five (5) business days after the Effective Date. The remainder of the Pendrick Reserve shall be deemed released to the Debtors' estates, subject to the terms of the Cash Collateral Order, and Pendrick shall have no further claim to the remaining funds in the Pendrick Reserve.

3. Upon the Effective Date, subject to paragraph 2 above, any and all claims asserted by Pendrick against the Debtors relating to the State Court Action, the Default Judgment, or any misdirected funds received by the Debtors prior to the Petition Date are deemed resolved.

4. The person who executes this Stipulation by or on behalf of each respective Party represents that he/she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

5.     In executing this Stipulation, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to this Stipulation, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning this Stipulation, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of this Stipulation.

6.     Pendrick represents and warrants that it has not assigned the claims against the Debtors that are the subject of this Stipulation.

7.     Each of the Parties shall each bear its own costs and expenses with respect to this Stipulation and any other matter involving the Debtors' bankruptcy cases.

8.     This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by this Stipulation.

9.     This Stipulation may not be varied in its terms by an oral agreement or representation and may be varied in its terms only by an instrument in writing of subsequent date hereof executed by all of the Parties.

10.     This Stipulation shall be governed by the internal laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles or any other rule, regulation or principle that would result in the application of any other state's law.

11.     Should any provision of this Stipulation be held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Stipulation will nonetheless remain in full force and effect, unless such portion of this Stipulation is so material that its deletion would violate the obvious purpose and intent of the Parties.

12.     The Parties agree that no breach of any provision of this Stipulation can be waived except in writing.  The waiver of a breach of any provision of this Stipulation shall not be deemed a waiver of any other breach of any provision hereof.

13.     This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation.

14.     The Parties agree that any dispute with respect to this Stipulation shall be determined by the Bankruptcy Court.

*[Remainder of page intentionally left blank]*

**AGREED TO BY:**

Dated: January 6, 2024  **COLE SCHOTZ P.C.**

*/s/ Patrick J. Reilley*
Patrick J. Reilley (No. 4451)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: preilley@coleschotz.com
mfitzpatrick@coleschotz.com

-and-

Daniel F. Geoghan (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
Email: dgeoghan@coleschotz.com

-and-

Andreas D. Milliaressis (admitted *pro hac vice*)
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Email: amilliaressis@coleschotz.com

*Counsel to Pendrick Capital Partners, LLC*

5

| | |
|---|---|
| Dated:  January 6, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ Laura Davis Jones*<br>Laura Davis Jones (DE Bar No. 2436)<br>David M. Bertenthal (CA Bar No. 167624)<br>Timothy P. Cairns (DE Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:  302-652-4100<br>Facsimile:  302-652-4400<br>Email:  ljones@pszjlaw.com<br>           dbertenthal@pszjlaw.com<br>           tcairns@pszjlaw.com<br><br>*Counsel to the Debtors and Debtors in Possession* |