IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN PHYSICIAN PARTNERS, LLC, *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-11469 (BLS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 677 |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) PRIVATE SALE AND (B) TRANSFER OF CERTAIN ACCOUNTS RECEIVABLE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) APPROVING THE TERMS OF THE ACCOUNT PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in these chapter 11 bankruptcy cases (the "<u>Chapter 11 Cases</u>") of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), by and through its undersigned counsel, hereby submits this limited objection (the "<u>Limited Objection</u>") to the *Debtors' Motion for Entry of an Order (I) Authorizing (A) Private Sale and (B) Transfer of Certain Accounts Receivable Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Approving the Terms of the Account Purchase Agreement; and (III) Granting Related Relief* [Docket No. 677] (the "<u>Sale Motion</u>").² In support of this Objection, the Committee respectfully represents as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/AmericanPhysicianPartners. The location of American Physician Partners, LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 5121 Maryland Way, Suite 300, Brentwood, TN 37027.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion or the Plan (as defined below), as applicable.

**FACTUAL BACKGROUND**

1. On September 18, 2023 and September 19, 2023, as applicable (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), commencing the Chapter 11 Cases. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

2. On October 3, 2023, the Office of the United States Trustee for Region 3 appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* D.I. 79 and 82. The Committee is comprised of the following six (6) members: (i) R1 RCM, Inc.; (ii) Sapientes Funding II, LLC; (iii) Staff Care, Inc.; (iv) LocumTenens.com, LLC; (v) Dennis Deruelle, MD; and (vi) Atlas Physicians, LLC.[3]

3. On December 15, 2023, the Debtors filed the Sale Motion. By agreement between the Debtors and the Committee, the Committee's deadline to object to the relief sought in the Sale Motion was extended to January 8, 2024 at 10:00 a.m. (Prevailing Eastern Time).

4. On January 2, 2024, the Debtors filed the *Second Amended Combined Disclosure Statement and Plan of Liquidation of American Physician Partners, LLC and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 805] (the "Plan"). The Plan embodies a global settlement reached between the Debtors, the Committee, the Prepetition Agent, and the Prepetition Lenders. The Plan provides, among other things, that certain Shared Assets and Causes of Action shall be transferred to the Liquidating Trust and recoveries from such assets and causes of action

---

[3] Briese Medical Services, PLLC/Beau Briese, MD, was also appointed to the Committee but resigned on October 4, 2023.

will be split between the Prepetition Lenders and Holders of Allowed Class 4 Claims with 60% of such net proceeds being distributable to the Prepetition Lenders on account of their unsecured deficiency claim and 40% of such net proceeds being distributable to the Holders of Allowed Class 4 Claims. *See* Plan § 10.4. Such Shared Assets and Causes of Action include all refunds and other recoveries owing to the Debtors or Estates from any insurance companies and all claims and causes of action related thereto. *See Id*. at § 3.119.

## LIMITED OBJECTION

5. The Committee has been working diligently with the Debtors to resolve certain concerns regarding the sale of the Assets and Accounts to the Buyer. The split of proceeds of the Shared Assets and Causes of Action between the Prepetition Lenders and general unsecured creditors was a critical term of the heavily negotiated global settlement embodied in the Plan. Such Shared Assets and Causes of Action include certain claims against insurance companies for managed care underpayments (the "Managed Care Claims").

6. The Committee understands from the Debtors that such Managed Care Claims are *not* being purchased by the Buyer. However, in order to clarify that any such Managed Care Claims are not part of the Assets or Accounts being purchased by the Buyer, the following language should be added to paragraph 2 of the proposed order:

> The Assets being sold are made up of the (i) the Accounts in the Portfolio which is the File in the Summary Sheet that is Schedule 1 to the Agreement and (ii) Gap Payments, and such Assets do not and shall not include any other currently outstanding Accounts or managed care claims, including, but not limited to, amounts related to managed care underpayments that the Debtors hold against payors for alleged underpayments of previously adjudicated accounts receivable claims.[4]

---

[4] The Committee has previously circulated this language to the Debtors but understands that the Buyer has not yet consented to its inclusion in the Sale Order.

7. Accordingly, the Committee requests that the Court enter an order that includes the language proposed herein or, in the alternative, deny the Sale Motion.

## RESERVATION OF RIGHTS

8. The Committee reserves its respective rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Limited Objection, to seek discovery, and to raise additional objections during any further hearing on the Sale Motion.

## CONCLUSION

9. For the reasons described herein, the Committee respectfully requests that the Court enter an order: (i) approving the Sale Motion but reflecting revisions to the proposed order to address the issues and concerns raised in this Objection or, in the alternative, denying the Sale Motion; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: January 8, 2024

/s/ Morgan L. Patterson
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (DE Bar No. 3087)
Morgan L. Patterson (DE Bar No. 5388)
Elazar A. Kosman (DE Bar No. 7077)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: don.detweiler@wbd-us.com
       morgan.patterson@wbd-us.com
       elazar.kosman@wbd-us.com

- and –

**KILPATRICK TOWNSEND & STOCKTON LLP**
Todd C. Meyers (*admitted pro hac vice*)
David M. Posner (*admitted pro hac vice*)
Kelly E. Moynihan (*admitted pro hac vice*)
The Grace Building
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: tmeyers@ktslaw.com
        dposner@ktslaw.com
        kmoynihan@ktslaw.com

*Counsel to the Official Committee of Unsecured Creditors*